### THE SUN MUTUAL INSURANCE COMPANY v. MATTINGLY & RICKETS.

#### No. 6430.

1. **Insurance—Proof of Loss—Waiver.**—Proof of loss by the insured is only serviceable as a basis for an amicable adjustment. Such proof is useless when the insurer denies all liability under the policy.

2. **Waiver.**—Proof of loss was furnished the insurer. An officer of the insurance company replied that it was unsatisfactory, and denied liability upon the policy. *Held*, whether the letter denying liability was a waiver of further proof of loss was a matter of law and not of fact.

3. **Same.**—See a refusal to pay held to be a waiver of further proof of loss by insurance company.

4. **Delay in Making Proof of Loss.**—The policy required that proof of loss shall be furnished " as soon as possible" and provided that the loss should not be payable until the proofs were furnished, but did not expressly provide that a failure should work a forfeiture. The proof was not furnished until near two months after the loss. The response to the claim when made did not indicate a claim of forfeiture from delay. *Held*, that the court properly refused a charge that if the jury found that by using reasonable diligence the proof of loss could have been furnished sooner, to find for the defendant.

ERROR from Grayson. Tried below before Hon. H. O. Head.

The opinion gives a statement.

*C. N. Buckler*, for plaintiff in error. — 1. There being no express waiver of the proofs of loss, whether there existed such facts from which a waiver might properly be implied is a question for the jury and not one

of law for the court.   Wood on Fire Ins., p. 724, and cases cited; Drake
v. Ins. Co., 3 Grant, 325; Witherell v. Ins. Co., 49 Me., 206; Davis v. Ins.
Co., 8 R. I., 277; Ins. Co. v. Updegraff, 43 Pa. St., 350; Edwards v. Ins.
Co., 3 Gill, 176; Nooman v. Ins. Co., 21 Mo., 81.

2.   Before an act of a party can have the effect of a waiver of his
rights under a contract or the effect of an estoppel *in pais* (and the ele-
ments of the two are the same), it must appear that the party relying
upon it was influenced thereby or in some way acted upon it.   Lewis v.
Castleman, 27 Texas, 422; Ins. Co. v. Lacroix, 45 Texas, 168.

3.   The letter referred to in the second charge of the court was not a
waiver of the appellant's right to insist on proofs of loss as required by
the policy.   Ins. Co. v. Dall, 35 Md., 89; Edwards v. Ins. Co., 3 Gill, 176;
May on Ins., sec. 471; Wood on Ins., p. 723, note 2; Blassom v. Ins. Co.,
64 N. Y., 162; Ins. Co. v. Coffee, 61 Texas, 292.   Wood on Insurance,
page 705, says: "A waiver does not exist when the party sought to be
estopped gives the other party distinctly to understand that he does not
waive any rights incident to the matter against which the estoppel is
sought to be set up."

4.   There can be no such thing as an implied waiver of proofs of loss
when they are furnished out of season, by silence or by a denial of liability
upon other grounds.   Wood on Ins., pp. 706, 707, and note p. 704;
Beatty v. Ins. Co., 66 Pa. St., 9; Clark v. Ins. Co., 6 Cush., 342; Post
v. Ins. Co., 43 Barb., 351; Underwood v. Ins. Co., 57 N. Y., 500.

Wood on Insurance, page 725, says: "A refusal to pay and an abso-
lute denial of all liability for the loss while there is yet time for the in-
sured to comply with the condition of the policy in that respect is a
waiver."

*J. D. Woods, J. T. Cunningham,* and *W. W. Wilkins,* for appellees,
cited Ins. Co. v. Coffee, 61 Texas, 287; Wood on Ins., secs. 419, 420,
485, 486; McBride v. Ins. Co., 40 Wis., 562; Edwards v. Ins. Co., 3
Gill., 176; Ins. Co. v. Dall, 35 Md., 89.

GAINES, ASSOCIATE JUSTICE.—This suit was brought on a policy of
insurance executed by appellant to Henry & Dickerson on certain real and
personal property.   The appellees became the owners of the claim during
the progress of the suit, and without objection made themselves parties
plaintiff in the action and prosecuted it to judgment in their favor.

On the 29th of October, 1884, the insured property was destroyed by
fire.   The policy stipulated that "persons sustaining loss or damage by
fire shall forthwith give notice thereof in writing to the company, and as
soon thereafter as possible they shall deliver an account of their loss and
damage, with all the particulars as fully detailed as the nature of the case
will admit, signed with their own hands, and they shall accompany the

same with their oaths or affirmation declaring the said account to be true and just, showing when and why the fire originated, so far as they have reason to believe; and until such proof and declaration shall be produced the loss shall not be payable." On the 26th day of December, 1884, the assured furnished a proof of loss which was deficient. It failed to show in detail a description of all the personal property. On the 10th day of January following the company's agent wrote them a letter, of which the following is a copy:

"The proofs of loss furnished by you to this company are wholly unsatisfactory as to the amount of your claim, even if this company was liable under the policy. The company, however, denies any responsibility under the policy, by reason of material representations as to title and property being untrue, and for other reasons which the company will specifically set forth in answer to any suit you may institute on said policy. The company reserves all objections to your recovery in any form, and hereby expressly refuses to waive any rights of the company under the policy, and hereby notifies you of the fact and leaves you to pursue such course as you may deem expedient."

No other proof of loss was furnished to the company. Upon this state of facts the court charged the jury that the letter was a waiver of the proof of loss. That charge is assigned as error. The majority of the court are of the opinion that the letter was a waiver. Their opinion is that the proof of loss is only serviceable as a basis for an amicable adjustment, and that it becomes a useless ceremony when the insurer denies all liability under the policy. The doctrine that when the assured is notified by the insurer that the loss will not be paid except by suit the proof becomes "an idle ceremony" or "a useless form" has been announced in several cases, though it may be doubted whether in any of them so broad a statement was necessary to the decision of the case. Ins. Co. v. Coffee, 61 Texas, 287; Haniman v. Ins. Co., 49 Wis., 71; Taylor v. Ins. Co., 9 How., 403; West Rockingham Ins. Co. v. Sheets, 26 Gratt., 865; Williamsburg Ins. Co. v. Cary, 83 Ill., 456.

We agree that whether the letter was a waiver or not was a question of law for the court, and not a question of fact for the jury.

Nearly two months having elapsed between the destruction of the property and the proof of loss, the defendant company asked the court to charge the jury, in effect, that if by the exercise of reasonable diligence the insured could have furnished the proofs of loss at an earlier day than that at which they were actually delivered they should find for the defendant. As a rule, when the policy requires the proofs of loss to be made within a specified time, a compliance with the requirement is a condition precedent to a recovery; and it should be conceded that if by the terms of the policy the contract is to become void or to be forfeited upon a failure to comply, when once the forfeiture has occurred the con-

tract is at an end and the failure can not be waived except by such new consideration as would support a new contract.

But the policy in this case, while it does provide that the proof of loss shall be furnished " as soon as possible," and that the loss shall not be payable until the proofs are furnished, does not expressly stipulate that a failure shall work a forfeiture.  This is the more notable because in other clauses of the policy it is distinctly stated that the doing of certain acts shall render the contract " void and of no effect" and shall be "a cause of forfeiture."  The letter of the appellant's agent already quoted tends to show that the policy was not regarded as forfeited by a failure to present the proofs at an earlier day, and favors the construction that it was not intended that the insured should forfeit their rights under the policy by mere delay in presenting the proofs of loss.  The objection was that the proofs were unsatisfactory, not that they had not been furnished in time.  If it were not too late to present them, then it was competent for the company to waive them, and such action relieved the assured from the necessity of a further attempt to comply with the terms of the policy in that respect.  It was not error for the court to refuse the charge.

The judgement is affirmed.

*Affirmed.*

Delivered May 2, 1890.