THE HARTFORD FIRE INSURANCE COMPANY v. J. E. JOSEY.

No. 449.

**1. Waiver of Proof of Loss.**—Though the policy provides that the insurance company may have sixty days after proof of loss within which to pay the loss, if it denies the justness of the claim and refuses to pay it, that is a waiver of proof of loss, and suit may be brought at once. The object and purpose of this provision in policies of insurance is to lay the basis for an amicable adjustment of the loss; but when the company declares it will not pay, though the proof be furnished, the insurer is relieved of the necessity of furnishing it.

**2. Subagent, Company's Liability for Acts of.** — An agent of the company authorized by it to contract for risks and countersign and deliver policies, etc., may exercise his power through a subordinate, and thereby such subordinate becomes the agent of his employer's principal. The services rendered generally by insurance agents is not of that character as to come under the maxim, "delegatus non potest delegare."

**3. Forfeiture of Policy — Estoppel.** — Though the company claimed a fraudulent concealment of the fact of the existence of a vendor's lien on the property, if the insured fully advised the agent of the company of all the facts connected with his title to the property, in good faith, the company is estopped from claiming a forfeiture of the policy on account of the vendor's lien upon it. The tendency of the courts is to hold that insurance companies may waive any of the conditions of the policy.

**4. Erroneous Charge.**—"If the jury shall find from the evidence that the policy of insurance in this case was not issued on the written application for insurance mentioned in the pleadings, and was issued without such application, but upon a verbal application, without any misrepresentation or concealment of the facts, you will find for plaintiff," was an erroneous charge, because not authorized by the pleading or the evidence, and because it ignored one ground of defense.

APPEAL from Walker. Tried below before Hon. W. A. LEIGH.

*McKinney & Hill*, for appellant.—1. The court erred in admitting the evidence of W. C. Josey, of declarations made by said Josey to B. S. Wilson, and by the said Wilson to Josey. Wood on Fire Ins., secs. 396, 397.

2. The court erred in the following paragraph of its charge: "Or should you believe from the evidence that the agent of said defendant company assisted the insured in making up such application, or suggested to the insured the statement made by him as to the title to such property

and the encumbrance thereon, with full notice of all the facts connected therewith, and there was no intention on the part of the insured to conceal or misrepresent the facts, you will find for the plaintiff.'' Because said charge in effect assumed that Wilson was the agent of the defendant company; because it was not claimed that any one besides Wilson had assisted the assured in making up his application, or had suggested to him the statements made therein; and because said paragraph was not a correct exposition of the law in respect to the subject matter thereof, and was inapplicable to the pleadings and evidence in said cause, and calculated to mislead the jury, and that it did mislead the jury. Rev. Stats., art. 1317; Golden v. Pattison, 56 Texas, 628; Ins. Co. v. Blum, 13 S. W. Rep., 572.

3. The suit in this case was prematurely brought, having been instituted within less than sixty days after proofs of the loss under the said policy were furnished to the defendant company. Wood on Fire Ins., sec. 436.

4. When proof of loss under a policy containing such stipulations as. are included in the policy sued on in this case are waived, said policy does not mature until sixty days after such waiver. Ins. Co. v. Brown,. 82 Texas, 631

*Campbell & Ball*, for appellee.—1. There was no error in admitting the evidence of W. C. Josey as to declarations made by the said Josey to B. S. Wilson and by the said Wilson to Josey. Wilson's agency was sufficiently established to warrant the admission of this testimony. Sayles' Civ. Stats., art., 2943a; May on Ins., secs. 120, 126, 140, 143, 497; Arff v. Ins. Co., 125 N. Y., 57; Moore v. Ins. Co., 55 Hun, 540; 1 Myers' Fed. Dec., sec. 1116; Ins. Co. v. Stocks, 40 Ill. App., 64; Crittenden v. Ins. Co., 52 N. W. Rep., 548; Ins. Co. v. Wilkinson, 13 Wall., 222; Banking and Ins. Co. v. Stone, 49 Texas, 4; Ins. Co. v. Ende, 65 Texas, 118; Ins. Co. v. Camp, 71 Texas, 503.

2. The court did not err in charging on the parol application for the policy. Said paragraph did not devolve upon the defendant company the necessity of proving misrepresentation or concealment of immaterial facts, but cast upon plaintiff the burden of showing that the assured had not concealed any of the facts.

3. Said paragraph did not deprive the company of their defense of nonownership of property by the assured. 3 Wall., 222; Myers' Fed. Dec., sec. 1116; May on Ins., sec. 120; 65 Texas, 118; 71 Texas, 503; Ins. Co. v. Crawford, 16 S. W. Rep., 1068; Ins. Co. v. Thurston, 9 So. Rep.,. 268; Hoose v. Ins. Co., 47 N. W. Rep., 587.

4. The court did not err in its charge on the limitation of sixty days. after proof of loss and waiver. Ins. Co. v. Jacobs, 56 Texas, 366; 5, Lawson's Rights, Rem., and Prac., secs. 2081, 2084; May on Ins., sec.

469; Allegree v. Ins. Co., 14 Am. Dec., 289; Transportation Co. v. Ins. Co., 34 Conn., 561; Transportation Co. v. Ins. Co., 6 Blatch., 241; Ins. Co. v. Mattingly & Ricketts, 77 Texas, 162; Ins. Co. v. Lee, 73 Texas, 641; Ins. Co. v. Coffee, 61 Texas, 287; 1 Myers' Fed. Dec., sec. 1228.

PLEASANTS, Associate Justice.—This suit was instituted by appellee against appellant in the County Court of Walker County, on the 25th of January, 1893, to recover the sum of $750, alleged to be due from appellant upon a policy of insurance, executed by the latter to W. C. Josey on the 29th of September, 1892, upon a frame store house situate in said county, in the town of Cincinnati, insuring him from loss by fire for twelve months, and which house was destroyed by fire on the 10th of October, 1892; and the policy after the fire was for a valuable consideration assigned by the insured, the said W. C. Josey, to the appellee, J. E. Josey. The defendant company admitted the execution of the policy, but denied its liability upon same, and interposed the following defenses to the suit:

"1. The fraudulent concealment and misrepresentation of facts material to said insurance and the subject thereof by the insured, contrary to the stipulations of the policy, in this, that W. C. Josey had stated in his application for said insurance that said building was not mortgaged or otherwise encumbered, and that his title thereto was absolute, and that in fact said building was then encumbered by a vendor's lien for $1700 in favor of Mrs. M. C. Wren, and that his title thereto was not absolute, which facts the insured well knew when he made such application, and of which the defendant company then had no notice or knowledge.

"2. That at the date of the execution of said policy the said W. C. Josey was not the unconditional and sole owner of the building described therein, and that he did not then own the ground on which said building then stood, in fee simple, it being stipulated in the said policy that it was to be void if the interest of the insured in said building be other than unconditional and sole ownership, or if the building be on ground not owned by the insured.

"3. That a loss under said policy, if one should occur, was not by its terms payable until sixty days after proof of such loss, prepared and certified according to the terms of the policy, should be received by the company, and that such period had not elapsed at the time of the institution of the suit."

The plaintiff replied to this defense, and answered, that the defendant company, "through its agents, Cunningham & Wilson, had notice of the true state of W. C. Josey's title to the insured building and the ground on which it stood when the policy was issued, and that the company was thereby estopped from denying its liability thereunder; and that the

company had denied its liability for said loss, and had thereby waived the production of proofs of loss as stipulated in the policy."

The defendant, by supplemental answer, specially denied that Wilson was authorized to act as agent for it in respect to said insurance; and that it was stipulated in said policy that no person, unless duly authorized in writing, should be deemed the agent of the company.

Upon trial of the cause on February 24, 1893, verdict and judgment were rendered for appellee for the sum sued for, $750, with interest at the rate of 6 per cent per annum from the institution of the suit, January 25, 1893; and new trial being refused, the defendant appealed, and its counsel in their brief present for our consideration ten assignments of error. These we shall not consider in the order in which they are presented.

The fifth assignment is in these words: "The court erred in the following paragraph of its charge: 'Though by the terms of the policy of insurance, the insurance company may have sixty days after proof of loss is made to determine the matter and pay the loss, still if before the expiration of that time an authorized agent of the company denies the justice of the claim, and announces it will not be paid, suit may then be brought to enforce the payment of the policy.'" We think there is no error in this charge. It appears from the correspondence between appellee's counsel and the appellant, that in December, 1892, the appellant distinctly denied its liability upon the policy, and refused to pay the same. This was a waiver of the condition of the policy requiring proof of the loss. The object and purpose of this requirement is to lay a basis for an amicable adjustment between the insurer and the insured; but when the former declares that it will not pay, though the required proof be furnished, the insurer is thereby relieved from the necessity of furnishing the proof. And when the insurer waives the production of proof of the loss, he waives the further condition that payment is not to be made until a limited time after the proof, and suit may be brought at once upon the denial of liability, although the time within which after proof of loss the payment would be demandable may not have expired. May on Ins., 473, 474, par. 469; Ins. Co. v. Jacobs, 56 Texas, 366.

The suit was not prematurely brought. The plaintiff's cause of action, if any he had, accrued immediately upon the denial of its liability and refusal to pay the policy by the defendant company.

The appellant, in several assignments, assumes that evidence adduced upon the trial did not warrant the court in submitting to the jury whether or not B. S. Wilson was an agent of the defendant company. That Wilson was the assistant or subagent of Cunningham in soliciting risks and placing and effecting insurances against loss by fire, is not disputed; and that Cunningham was authorized by the defendant to contract for risks, and to countersign and deliver policies for and in the name of defendant,

and to receive and to collect the premiums, seems to be beyond question. Such an agent may exercise his powers through his subordinate, and thereby such subordinate becomes the agent of his employe's principal. The service rendered generally by the agents of insurance companies is not of that character as to come under the maxim " delegatus non potest delegare."

We think the evidence was sufficient to authorize the court to submit the issue of agency to the jury. May on Ins., sec. 154; Bodine v. Ins. Co., 51 N. Y. Com. App.

If Wilson was the agent of the company, and did receive from W. C. Josey his application for the policy sued on, and Wilson was fully advised at the time by Josey of all the facts connected with his title to the property, and Josey made no concealment of any fact material to the risk, but acted in good faith and without intention to defraud the defendant company, then the company would be bound by the action of Wilson, and would be estopped from claiming a forfeiture of the policy by reason of the fact that there was a vendor's lien upon the premises at the time the application was made and when the policy was issued. The tendency of the courts generally is becoming more decided to hold that an agent of an insurance company may waive any of the conditions of the policy, and bind the company by such waivers; and that his promises and acts, both of commission and omission, his representations, statements, and assurances, made within the scope of his agency, after full knowledge of a breach of condition, or of inaccuracy of the statements in the application, if relied on by the insured, who is himself without fault, may be interposed as a bar to a claim of forfeiture on part of the insurer. May on Ins., 144–148, and authorities there cited.

We deem it necessary to consider only one other of the appellant's assignments. The third assignment is as follows: " The court erred in charging the jury as follows: ' But if the jury shall find from the evidence that the policy of insurance in this case was not issued on the said written application for insurance mentioned in the pleadings in this case, and was issued without such application, but upon a verbal application, without any misrepresentation or concealment of all the facts, you will find for plaintiff.' Because said paragraph ignored the defendant's ground of defense in respect to the stipulations of the policy sued on relative to the ownership of the insured property and the title to the land on which it stood, the same being a distinct and different defense from the one set up by defendant in respect to the alleged misrepresentation and concealment of the facts, as set out in the insured's application for insurance; and because it in effect required the defendant to prove misrepresentation or concealment of all the facts relative to the matter; and because said paragraph was not a correct exposition of the law in reference to the subject matter thereof, and was inapplicable to the issues pending between the parties to said cause."

The issue submitted to the jury in this paragraph of the charge was not authorized by either the pleadings or the evidence, and its submission was error. The evidence precluded the assumption that the policy was issued upon a verbal application of the insured, and the pleadings aver that the application was a written one. For this error the cause must be reversed and remanded.

*Reversed and remanded.*

Delivered February 22, 1894.