**FIDELITY PHŒNIX FIRE INS. CO. OF NEW YORK v. OLDSMOBILE SALES CO. et al. (No. 8437.)**

(Court of Civil Appeals of Texas. Galveston. Feb. 13, 1924. On Motion for Rehearing, March 13, 1924. Rehearing Denied April 10, 1924.)

**1. Insurance ☞629(2)—Petition on automobile theft policy held to state cause of action.**

In suit on insurance policies covering automobiles stolen by persons who had rented them, petition alleging that policies covered loss by theft by any person was not subject to general demurrer, though it could be shown on trial that policies excluded loss by lessee's theft.

**2. Insurance ☞634(2)—Petition in action on theft policies not subject to special exceptions as to matters not appearing on face of petition.**

Petition not alleging policy provisions requiring notice and proof of loss *held* not subject to special exceptions, because not alleging notice and proof of loss.

On Motion for Rehearing.

**3. Insurance ☞425—Bailee's theft covered by automobile policy.**

Automobile policies covering loss by theft, except by persons in assured's household or service, or by mortgagor or vendee in possession under mortgage, conditional sale, or lease agreement, and except while the automobiles were being rented under contract, or leased, which had riders attached permitting automobiles to be rented or leased, *held* to not except theft by persons who had rented automobiles.

**4. Insurance ☞146(3)—Policies strictly construed against insurer.**

Policies must be strictly construed against insurance companies, and where in terms inconsistent or ambiguous, it must be construed most favorably to insured, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4950.

**5. Insurance ☞425—"Theft" includes bailee's conversion.**

Under Rev. St. art. 4950, providing for interpretation of insurance policies issued in state, according to state laws, conversion of automobile by one to whom rented, being theft under criminal law, is theft as that term is used in policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Theft.]

**6. Insurance ☞665(8)—Finding of waiver of notice and proof of loss sustained by evidence.**

In action on automobile theft policies, finding that insurer's local agent, when notified of loss, disclaimed liability because particular theft was not covered, and that by denial insurer waived notice, proof of loss, etc., *held* sustained by evidence.

**7. Insurance ☞559(1)—Notice and proof of loss may be waived by denial of liability.**

Policy requirements for notice and proof of loss, etc., may be waived by insurer's denial of liability.

**8. Insurance ☞665(4)—Finding as to damage to stolen automobile sustained.**

In action on automobile theft policies, evidence *held* to sustain finding that, as result of theft, the car had been damaged after theft and before recovery in sum of $700.

Error from District Court, Harris County; W. E. Monteith, Judge.

Action by Oldsmobile Sales Company against Fidelity Phœnix Fire Insurance Company of New York and another. Judgment for plaintiff, and defendant named 'brings error. Affirmed on rehearing.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jones & Roberts and D. A. Simmons, all of Houston, for plaintiff in error.

Bryan, Dyess & Colgin and Grover Rees, all of Houston, for defendants in error.

LANE, J. This suit was brought by Oldsmobile Sales Company, hereinafter called appellee, against Fidelity Phœnix Fire Insurance Company of New York, hereinafter called appellant or Insurance Company, and R. M. Powell.

The plaintiff's original petition was filed on the 1st day of November, 1920, and its second amended original petition, upon which it went to trial, was filed on the 16th day of May, 1922.

Plaintiff alleged that on the 23d day of September, 1920, it sold and delivered to R. M. Powell five automobiles; that a part of the consideration was paid in cash, and the remainder thereof was evidenced by a number of notes, each for the sum of $267.50; that two of said notes were due and payable 30 days after their dates, and two of the remainder were to be paid each month thereafter until all were paid; that, by the terms of said sale, R. M. Powell was required to further secure the payment of the notes, to carry insurance on the automobiles against loss by fire, accident, and theft, with loss clause payable to the plaintiff; that the defendant Insurance Company issued to R. M. Powell its five policies of insurance against loss by fire, accident or theft in the sum of $1,000 each, and that by a rider attached to each of said policies it gave said Powell the privilege of livery and rental on said automobiles and agreed to protect Powell from loss by theft or loss by any party who might rent said automobile. It understood that Powell was to use the automobiles in driverless service in Houston, Harris county, Tex.; that on the 20th day of October, 1920, two of said automobiles were stolen from Powell by persons who rented them from him, one of which was recovered in the state of Louisiana, and when recovered it was damaged in the sum of $798.30, and that the other was never recovered, and resulted in a loss to Powell in the sum of $1,400.

Plaintiff alleged further that Powell delivered to it four of the cars so sold, including the damaged car, for which he received a credit of $4,562.05 on his notes, and that he also transferred to plaintiff the insurance policies covering the two stolen cars, for which he received a similar credit of $1,099.15, which left him indebted to plaintiff in the sum of $266.30, for which it prayed judgment against him. It alleged that, by reason of the issuance of said policies by the defendant Insurance Company, and by reason of said transfer of said policies to plaintiff, and by reason of said theft of said two cars as alleged, the Insurance Company became indebted to plaintiff in the sum of $2,198.30. It then alleged that the Insurance Company had failed and refused to recognize its liability by reason of said policies, and had refused to pay the loss sustained by reason of said theft, as aforesaid, for which it prayed judgment against the Insurance Company.

On June 5, 1922, the Insurance Company answered by general demurrer, by several special exceptions, and by a special plea that by the provisions of the policies of insurance, the theft, robbery, or pilferage by any person in assured's household or in his service, or for conversion, embezzlement, or secretion of said cars by mortgagor or vendee in possession under mortgage, conditional sale, or lease, was excluded, and not covered thereby. It also averred that plaintiff had failed to file proof of loss, or to give notice of loss in the manner and within the time required in the policies.

R. M. Powell made no appearance or answer.

The case was tried before the court without a jury. The court overruled the general demurrer and all special exceptions urged by the defendant Insurance Company, and, upon hearing, rendered judgment in favor of the plaintiff against R. M. Powell for $266.30, and against the Insurance Company for $2,000, with interest thereon from November 1, 1920, and from so much of the judgment as was against it the Insurance Company has appealed.

At the request for findings of fact, the court found, among other things, that two of the cars insured by the Insurance Company were stolen by persons to whom R. M. Powell had rented them; that shortly after the theft, and within a reasonable time thereafter, F. M. Bailey, the local agent of the Insurance Company, was notified of the theft, and that he, in behalf of the Insurance Company, immediately disclaimed liability on the two policies covering the two stolen cars, and gave as his reason therefor that the policies did not cover "theft by bailee"; that on the 1st day of November, 1920, plaintiff filed this suit to recover upon notes which were executed, in part payment for said automobiles, against R. M. Powell, and against the Insurance Company for the face value of the two policies covering the two stolen cars; that later, after one of the stolen cars had been recovered, to wit, on the 16th day of May, 1922, plaintiff filed its second-amended original petition, and sued the Insurance Company for $1,400, the face value of one of said policies, and for $793.30 as the loss or damage suffered to the returned car by reason of the theft thereof; that, in its answer, the Insurance Company denied liability on the ground that neither the plaintiff nor R. M. Powell had complied with the terms of the policies with reference to notice of loss, appointment of appraisers, etc., and upon the further ground that the policies did not cover the risk of theft by bailee; that the In-

surance Company, through its local agent, was notified of the loss within a reasonable time after it occurred, and that such agent denied liability under the policies; that the market value of the car stolen and not recovered was $1,300, and that the damage to the recovered car was $700.

Upon the facts so found, and other uncontroverted facts, the court filed his conclusions of law as follows:

"(1) The court finds that the insurance policies involved in this suit did not exclude theft by a person renting the cars in the manner shown by the evidence in this case, and that the defense to this suit, set up by the insurance company, is not maintainable.

"(2) The court finds that the evidence in this cause shows that the denial of liability by the insurance company, acting by its local agent, upon being notified of the theft within a reasonable time after it took place, relieved the plaintiff of all further obligation with reference to notice, filing proof of claim, appraisement, etc.

"(3) The court finds that the plaintiff was entitled to judgment against R. M. Powell for $266.30, being the balance of the notes due, and against the Fidelity Phœnix Fire Insurance Company for $1,300, being the value of the car stolen, and for $700 being the same to the car that was recovered."

Appellant insists that the court erred in overruling its general demurrer to the plaintiff's petition, in that it is shown upon the face of the policies sued upon that loss by theft, or loss arising from theft of the two cars covered by the policies by a lessee of the assured, was excluded from loss insured against, and that it is alleged in the plaintiff's petition that the two cars were stolen by lessees of the assured.

The contention of appellant cannot be sustained. The policies sued upon are not set out in the petition. So far as shown by the petition, the policies contain no provision exempting the Insurance Company from liability in the event the cars insured were stolen by a lessee of the assured.

[1] The petition alleged the issuance of the policies and specially alleges that they cover loss by theft by any person. The fact that it would be shown upon the trial of the cause that the policies, by their terms and provisions, excluded loss by theft by a lessee of the assured would not subject the petition to this general demurrer, though it be conceded that no recovery could be had on the policies containing such provisions, it being alleged in the petition that the theft of the cars was by lessees of the assured.

Appellant also insists that the court erred in overruling its special exceptions to the plaintiff's petition, in that it is provided by the policies sued on that—

"In the event of loss or damage, the assured shall forthwith give notice thereof, in writing, to this company, or the authorized agent who issued this policy, and shall protect the proper-

ty from further loss or damage; and within 60 days thereafter, unless such time is extended, in writing, by this company, shall render a statement to this company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss and damage. * * *

"It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the company within 60 days of the date of loss (unless such time is extended, in writing, by the company) shall render such claim null and void.

"Appraisal: In the event of disagreement as to the amount of loss or damage, the same must be determined by competent and disinterested appraisers before recovery can be had hereunder;"

—and in that the policies also provide that the loss or damage shown shall be payable only in the event satisfactory proof of such loss or damage has been made and been received by the company, etc.; and in that there are no allegations in the petition that such notice of loss and damage was given, and proof of loss made, as required.

We do not think the court erred in overruling the exceptions.

[2] As before stated, the policies are not set out in the petition, and it is not shown on the face of the petition that the policies sued on contained the provisions for notice, proof of loss, etc., and therefore the petition was not subject to the exceptions addressed thereto, though it be also conceded that on trial it will be shown that the policies do contain such provisions. While such showing may defeat the plaintiff's recovery, in the absence of allegations in the petition showing such provisions, the special exceptions are not available to appellant.

We now come to a consideration of the contentions of appellant that the appellee is not entitled to recover, in that—

"(1) The insurance policies sued upon do not cover theft of the cars by one in possession thereof, under a lease agreement; (2) that the terms and conditions of the policies as to written notice of loss, proof of loss, appraisal, and bringing of suit only after the expiration of a stated length of time, were not shown to have been complied with, and therefore no recovery could be had under the policies; (3) that the evidence was insufficient to show that the cars had been stolen, or to show the extent of the loss or damage."

We think the first of these contentions should be sustained. These parts of the insurance policies offered in evidence by appellee, pertinent to the issues involved, are as follows:

"No. A25132. Automobile Policy. $1,400.00.

"Marine Department.

"Fidelity-Phœnix Fire Insurance Company of New York,

In consideration of the warranties and the premium hereinafter mentioned, does insure the

assured named and described herein upon the body, machinery and equipment of the automobile described herein while within the limits of the United States, * * * while in building, on road, on railroad car, or other conveyance, ferry or inland steamer, or coastwise steamer between ports within said limits, for the term herein specified, and to an amount not exceeding the amount of insurance herein specified, against direct loss or damage caused while this policy is in force, by the perils specifically insured against.

"Amount $1,400.00.   Rate 2.05—1.00.   Premium $42.70.

"Name of assured, R. M. Powell.

"Address of assured, Texas and Milam St., Houston, Texas.

"The term of this policy begins at noon on the 23rd day of September, 1920, and ends at noon on the 23rd day of September, 1921, standard time.   Amount of insurance fourteen hundred dollars ($1,400.00)."

### "Warranties.

*     *     *     *     *     *     *

"(3) The facts, with respect to the purchase of the automobile described, are as follows:

"Purchased by the Assured: Mo., Sept. Year, 1920.   New or Secondhand, New.   Actual cost to assured, including equipment, $1,695.00.

"The automobile described is fully paid for by the assured, and is not mortgaged or otherwise encumbered, except as follows:   Cash 480.   4 notes due monthly Oldsmobile Sales Co."

### "Livery and Renting Automobile Indorsement.

"In consideration of an additional premium of $14, permission is granted for the automobile described in the policy to which this endorsement is attached, to be rented or leased or used for carrying passengers for a compensation; and it is made a condition of this policy that the amount of insurance hereunder is reduced at the rate of two and one-half (2½) per cent. per month, and in event of loss or damage the liability under this policy is limited to an amount not exceeding the amount insured, less the reduction, at the rate of two and one-half (2½) per cent. per month."

### "Perils Insured Against (Except as Hereinafter Provided).

*     *     *     *     *     *

"(c) Theft, robbery, or pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occur during the hours of such service or employment or not, and excepting also the wrongful conversion, embezzlement, or secretion by a mortgagor or vendee in possession under mortgage, conditional sale, or lease agreement, and excepting in any case other than in case of theft of the entire automobile described herein, the theft, robbery, or pilferage of tools and repair equipment."

### "Exclusions.

"1. It is a condition of this policy that this company shall not be liable for:   * * *

"(c) Loss or damage to any property insured hereunder while the automobile described herein is frequently or habitually used as a public or livery conveyance for carrying passengers for compensation, and for one week aft-

er the termination of said use, or while being rented under contract, or leased. * * *"

### "Additional Conditions.

"* * * This policy is made and accepted subject to the provisions, exclusions, conditions, and warranties set forth herein or endorsed hereon together with such other provisions, exclusions, conditions and warranties as may be indorsed hereon and added hereto, and upon acceptance of this policy, the assured agrees that its terms embody all agreements then existing between himself and the company, or any of its agents, relating to the insurance described herein, and no officer, agent, or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached."

### "Conditions.

"Notice of proof of loss:   In the event of loss or damage the assured shall forthwith give notice thereof in writing to this company, or the authorized agent who issued this policy, and shall protect the property from further loss or damage; and within 60 days thereafter, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss and damage.   * * *

"It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the company within 60 days of the date of loss (unless such time is extended in writing by the company) shall render such claim null and void.

"Appraisal:   In the event of disagreement as to the amount of loss or damage the same must be determined by competent and disinterested appraisers before recovery can be had hereunder."

Here the policies provide that the sum for which the Insurance Company shall be liable shall be payable 60 days after the notice, ascertainment, estimate, and satisfactory proof of the loss required therein have been received by said company, and that any act of assured * * * in recovering, saving, and preserving the property insured, in case of loss or damage, shall be considered as done for the benefit of all concerned   * * * and that all reasonable expenses so incurred shall constitute a claim under the policy, and that no suit or action on the policy for recovery of any claim shall be sustained in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements.

These policies were issued by F. M. Bailey, agent of the Insurance Company.

It is clearly apparent that the policies provide that the insurance company shall not be liable for loss or damage resulting from theft by a lessee of the assured; and it is also made to appear, by the allegations

of the plaintiff's petition and the undisputed evidence, that the two cars were stolen by lessees of the assured.

Appellee, however, contends that by attaching to the policies the provision under the head of "Livery and Renting," hereinbefore set out, for a consideration of $14, appellant agreed that if said cars were stolen by lessees of assured, the policies should cover the loss sustained by reason of such theft.

We do not think the attached flyer or rider had the effect contended for by appellee. It seems to us that the rider was attached to the policy for the purpose of modifying section (c) under the head "Exclusions," hereinbefore set out, so as to allow the assured to use the automobile as a public conveyance for carrying passengers for compensation, and to rent the same under a contract or lease without forfeiting his right to a recovery under the policy for such damage to the automobile as he might suffer while it was being used for carrying passengers, or while used by a lessee, and that it has no reference to loss or damage by theft. It certainly does not, in express words, provide that section (c) of the policy, under head of "Perils Insured Against," should be so modified as to make the policy cover loss or damage suffered by reason of the theft of the automobile by a lessee of the assured; nor can such modification, we think, be reasonably implied from the wording of such rider. If such was the intention of the parties to the contract, they were indeed unfortunate, in the use of words, to express such intention.

Certainly then, since the policy does not cover loss or damage suffered by reason of the theft of the automobile by a lessee of the assured, and since it is shown, both by the pleadings of the plaintiff and the undisputed evidence, that the insured automobiles were stolen by such lessees, the plaintiff is not entitled to a recovery.

If, however, it be conceded that the policies did cover theft by a lessee of the assured, before appellee could recover under the policies introduced in evidence it must show not only that the loss of the automobiles or damages thereto by the theft were sustained, but it must go further and show that it or the assured gave the notice of loss and that one of them made proof of loss, etc., as required by the terms of the policies, or that appellant waived such notice, proof of loss, etc., but as we have held that the policies do not cover the loss and damage sued for, it is unnecessary for us to discuss in detail the evidence tending to show such waiver, which we think was sufficient to sustain the finding of the trial court that such waiver was made. Nor is it necessary to discuss the sufficiency of the evidence to sustain the finding of the court as to the loss or damage.

Having reached the conclusion that the policies sued upon did not cover the loss and damage sued for, it becomes our duty to reverse the judgment and to here render judgment for the appellant, and it is so ordered.

Reversed and rendered.

## On Motion for Rehearing.

Counsel for appellees have filed a motion for rehearing in which they vigorously attack that part of our opinion in which we held that the policies sued on do not cover loss resulting from theft by those to whom the insured had rented the insured cars for a trip. They insist that the words "lease agreement," used in clause "C" of the policies under the head of "Perils Insured Against," should be interpreted in connection with the other words next preceding it, which provide that the insurer shall not be liable for loss resulting from the "wrongful conversion, embezzlement, or secretion by a mortgagor or vendee in possession under mortgage, conditional sale, or lease agreement," and that when so interpreted it is made clear that it was intended by the scrivener who prepared the policies to exempt only loss resulting from theft by two classes of persons, to wit: First, a mortgagor or vendee in possession under a mortgage; and, second, one in possession under a conditional sale or lease agreement.

[3] After a more careful study of clause "C" we have reached the conclusion that we were in error in our holding above mentioned, and that appellees' motion should be sustained.

We had no trouble in determining what was intended by the use of the words mortgagor or vendee in possession under a mortgage, but our error was in holding that one who might hold under a contract of hire, for the purpose of making one trip, was one holding under a "lease agreement" as that term is used in the policies. We have now reached the conclusion that it was the intention of the parties to use the two terms, "one in possession under conditional sale," and "one in possession under lease agreement," as synonymous terms, and to designate but one class of persons.

It is well known that conditional sales or "lease agreements," which may mean the same thing, are frequently made, wherein the seller reserves title to the property sold until the purchase money is paid, and under which the purchaser is placed in possession of such property. In such case the purchaser is in possession under a conditional sale or lease agreement. Such was, we think the "lease agreement" mentioned in the insurance policies under consideration.

[4] In any event, it might be reasonably so concluded by the assured, and it is well settled in this state that insurance policies shall be construed strictly against insurance

companies, as the policies are prepared by them. When a policy of insurance is in its terms inconsistent, or ambiguous in its provisions, it must be construed most favorably for the assured. Article 4950, Vernon's Sayles' Civil Statutes 1914; Security Ins. Co. v. Sellers-Sammons Co. (Tex. Civ. App.) 235 S. W. 617; Mo. St. Life Ins. Co. v. Hearne (Tex. Civ. App.) 226 S. W. 789; Brown v. Palatine Ins. Co., 89 Tex. 590, 35 S. W. 1060.

In the case last cited, it is said:

"First, the language, being selected and used by the insurer to express the terms and conditions upon which it issued the policy, will be strictly construed against it, and liberally in favor of the insured. If the words admit of two constructions, that one will be adopted most favorable to the insured. Wood on Fire Ins. § 60; Bills v. Ins. Co., 87 Tex. 551; Goddard v. Ins. Co., 67 Tex. 71; Ins. Co. v. Hazelwood, 75 Tex. 347.

"Second, the language used must be construed according to the evident intent of the parties, to be derived from the words used, the subject-matter to which they relate, and the matters naturally or usually incident thereto. Wood on Fire Ins., §§ 182–187; Whitney v. Ins. Co., 72 N. Y. 117.

"Third, forfeitures are not favored by the law, and, if the language used is fairly susceptible of an interpretation which will prevent a forfeiture, it will be so construed."

In Mo. St. Life Ins. Co. v. Hearne, it is held that the language of a policy of insurance, being the language of the insurance company, if susceptible of two interpretations, that must be adopted which will sustain the claim of the assured and give him the indemnity it was his object to secure.

It seems to us that the principles announced are controlling in this case. We shall, therefore, not disturb the judgment of the trial court upon the issue discussed.

As we have now held that loss and damage resulted from theft by those who had hired the automobile while in their possession, under contract of hire, it becomes necessary to discuss the other assignments of appellant, which we will now proceed to do.

[5] We overrule appellant's contention that, though the conversion of the automobiles by those to whom they were rented constitutes theft under our criminal law, such conversion does not constitute "theft" as that term is used in the policy.

Article 4950, Revised Statutes, expressly provides that insurance policies issued in this state shall be interpreted according to the laws of Texas. Security Ins. Co. v. Sellers-Sammons Co. (Tex. Civ. App.) 235 S. W. 617.

As stated in the original opinion, the policies sued upon provide that in the event of loss or damage the assured should forthwith give notice of such loss, in writing, to the insurer, or its authorized agent who is-

sued the policies; that the assured should, within 60 days, render a sworn written statement to the insurer, stating the knowledge and belief of assured as to the time and cause of the loss; that the assured should render to the insurer proof of loss, etc.

The trial court found that F. M. Bailey, the local agent of appellant Insurance Company, was notified of the theft of the insured cars, and that, in behalf of said company, he immediately disclaimed liability, insisting that the policies did not cover the loss resulting from the theft shown, and that by reason of such denial of liability the insurer waived notice, proof of loss, etc., required by the policies. Appellant assigns such finding of the court as error, insisting that there was not sufficient evidence to support the finding that appellant had waived the giving of notice, proof of loss, etc., required by the policies.

[6] We overrule the assignment. We think there was sufficient evidence to sustain the court in the finding complained of.

F. M. Bailey, the local agent of appellant, who issued the policies sued on, testified that the only notification he had of the loss of the two stolen cars was on one day as he passed by Mr. Powell's place of business that Mr. Powell said, "Bailey, you have bought yourself an automobile;" that after Powell had explained the loss, he said to Powell, "You appreciate the fact that that is not covered?" and Powell answered, "Well, I understand that;" that he told Powell that he (Powell) was in hard luck. He testified that he had explained to Powell at the time the policies were written that they did not cover theft by bailee.

William Glover, secretary-treasurer of the appellees, testified that shortly after the cars were stolen he took the matter of adjustment of the loss up with F. M. Bailey, and that Bailey said, in a general way, that his company was not liable for the theft of the cars, as such theft was by a bailee; that when Bailey denied liability, he said the policies did not cover theft by bailee; that he told him that the theft was by bailee, that appellee had turned the cars over to a man, and he ran off with them, and that he tried to argue with Bailey that the Insurance Company was liable, and Bailey told him that the policies did not cover theft by bailee.

[7] That the requirements in the policies for notice of loss, proof of loss, etc., may be waived by a denial of liability on the part of the insurer is too well settled to require, at our hands, a discussion of the law relative thereto. Hartford Fire Ins. Co. v. Josey, 6 Tex. Civ. App. 290, 25 S. W 685; Ins. Co. v. Jacobs, 56 Tex. 366; Niagara Ins. Co. v. Lee, 73 Tex. 641, 11 S. W. 1024; Sun Mutual Ins. Co. v. Mattingly, 77 Tex. 162, 13

S. W. 1016; Ins. Co. v. Hilbrant (Tex. Civ. App.) 73 S. W. 558.

We now come to consider the further' contention of appellant that the judgment be reversed for the reasons: First, that the condition of the recovered car before it was stolen was not shown, and because it was not shown that the damage· to said car was not done after the same had been recovered; and, second, there was no evidence to support the finding of the court that the recovered car was damaged, as a result of the theft, in the sum of $700.

[8] We overrule this last contention. While there are some inconsistent statements by some of the witnesses as to the damage to the recovered car, two witnesses testified that they saw the car just before it was rented to the party who stole it, and that it was practically new, and was worth at that time $1,300, and that they saw it when it was recovered after the theft, and it was then worth $350 only.

For the reasons pointed out, the judgment is affirmed.

Affirmed.