HILLYER–DEUTSCH LUMBER CO. et al. v. CLARK et al. (No. 5665.)

(Court of Civil Appeals of Texas. San Antonio. April 19, 1916. Rehearing Denied May 17, 1916.)

VENUE ☞7 — ACTIONS — PRIVILEGE OF DEFENDANT TO BE SUED IN HIS HOME COUNTY.

A contract required the contractor to execute a bond declaring that the contract and bond should be in force and enforceable in the county of the owner's residence. The bond, which was for the faithful performance of a contract to erect a school building, referred to and made the contract a part of the bond. *Held*, that where the sureties themselves recognized that they were liable in the county where the school building was to be erected, they were not entitled to the privilege of being sued in the county of their residence; the case falling within the fifth exception to Rev. St. art. 1830, declaring that where a person has contracted in writing to perform an obligation in any particular county, suit may be brought either in such county, or in that of the person's domicile.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 13–16; Dec. Dig. ☞7.]

Appeal from District Court, Goliad County; John M. Green, Judge.

Action by the Hillyer-Deutsch Lumber Company against W. L. Clark and others, in which the Goliad Independent School District and others intervened. From a judgment sustaining the plea of privilege for some of the defendants, plaintiffs appeal. Reversed and rendered.

G. E. Pope, Fowler & Fowler, and H. J. Passmore, all of Goliad, for appellants. Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellees.

FLY, C. J. The Hillyer-Deutsch Lumber Company instituted suit on a contractor's

bond against W. L. Clark, as principal, and W. F. Holloman, H. Sanders, S. L. Marsh, and the McMurry Lumber Company, as sureties, alleging that Clark had made a contract with the Goliad Independent School District to erect a schoolhouse for the sum of $18,-000; that in compliance with one of the terms of the contract Clark made, executed, and delivered to the board of trustees of said school district, for the use and benefit of said board of trustees and of all persons who might furnish labor and material to be used in the erection of said building, his certain bond in the sum of $6,000, with W. F. Holloman, H. Sanders, S. L. Marsh, and the McMurry Lumber Company as sureties, guaranteeing compliance of said Clark with the terms of his contract; that the plaintiff had furnished said Clark with lumber and building material to be used in the erection of the school building for which he had agreed to pay plaintiff the sum of $1,200, but had failed and refused to pay the same. The Goliad Independent School District, the Goliad Lumber Company, and the Goliad Bank & Trust Company intervened in the suit, each setting up claims against Clark and his sureties for material or money furnished him in connection with the school building. Clark and his sureties, with the exception of McMurry Lumber Company, filed pleas of privilege, the first to be sued in Bexar county and the three sureties to be sued in Calhoun county. Clark's plea of privilege was overruled and the pleas of privilege of Holloman, Sanders, and Marsh were sustained, and the plaintiff and interveners have prosecuted this appeal.

The contract and bond were executed on the same day. In the contract are the following provisions:

"The contractor shall execute and deliver to the owner, contemporaneously with the delivery hereof, a bond in the sum of six thousand ($6,-000.00) dollars, payable to owner upon certain conditions agreed upon and in the draft of said bond set forth, which bond shall be signed by a reliable bonding company, as surety, or by some other sureties satisfactory to the owner.

"This contract and the required bond shall be in force and in all things enforceable in Goliad, Texas."

After binding the principal and sureties to pay the sum of $6,000 to the Goliad Independent School District "as well as all other persons who may become entitled to liens under the law or under the contract hereinafter mentioned," the bond recites:

"The condition of this obligation is such that whereas the said W. L. Clark has this day entered into a contract in writing with said Goliad Independent School District, and the trustees thereof, for the erection of a school building * * * according to certain plans and specifications made a part of said contract, all of which is now referred to and made a part hereof for the full terms of said contract and the plans and specifications," etc.

The language last quoted made the terms of the contract a part of the bond as fully as though written in full in the bond. It carried into the bond an agreement upon the part of the principal and sureties that the contract and bond should be in force "and in all things enforceable in Goliad, Texas." This clause of the contract, adopted in the bond, clearly brings the case within exception 5 to article 1830, Rev. Stats., "Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile." It has been held that the recital in a contract that it shall be "enforceable" at a certain place gave that place jurisdiction. Whisenant v. Schawe, 141 S. W. 146.

This case is easily distinguishable from the cases decided by this court and cited by appellees, to wit, Chamberlain v. Meredith, 52 S. W. 120, and Chamberlain v. Fox, 54 S. W. 297. In those cases the contractor had agreed to furnish "a bond payable in San Antonio," but failed to do so, and the contract was not made a part of the bond, as in this case. None of the cases cited by appellees conflicts with the holding in this case. No conflict with any other case could arise because no appellate court would hold that when a bond adopts the contract and ingrafts it into the bond, and the contract provides for suit in a particular county, that the bond could not be enforced in that county. When, as in the case of Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125, the contract was not made a part of the bond, of course the sureties must be sued in the counties of their domicile.

Several months after the bond was executed, Sanders, Marsh, and Holloman signed a paper authorizing the payment to Clark of a reserve fund of 20 per cent. of moneys due Clark, which was provided for in the contract, and in that document it is recited:

"We have signed a certain bond dated August 19, 1913, in the sum of six thousand ($6,000) dollars payable at Goliad, Texas," etc.

This indicates that the sureties believed the bond to be payable at Goliad. It showed their construction of the bond with the contract written into it. The recital was in strict conformity with the facts.

The judgment is reversed, and judgment here rendered overruling the pleas of privilege of the sureties, and that they pay all costs of this suit.