**AMERICAN NAT. INS. CO. v. BURNS. (No. 8655.)**

(Court of Civil Appeals of Texas.   Galveston. April 3, 1925.   Rehearing Denied April 23, 1925.)

1. Insurance ⬳665(5)—Finding that disability resulted from second accident, sustained under evidence.

In suit on accident policy, where plaintiff sprained his knee and returned to work two weeks before fall claimed to have caused injuries to hip, evidence *held* to sustain finding that disability resulted solely from injury to hip, caused by fall.

2. Insurance ⬳547—Clause, requiring written report every 30 days as condition precedent, not unreasonable or against public policy.

Clause in accident policy, requiring written report by insured's doctor every 30 days, as condition precedent to recovery, *held* not unreasonable or against public policy; being protection to company against fraud and imposition.

**3. Insurance ⟞539(1)—Clause, requiring written report of physician every 30 days, not invalid under statute.**

Clause in accident policy, requiring written report of insured's physician every 30 days as condition precedent to recovery, *held* not prohibited by Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, prohibiting stipulations requiring notice to be given of claim for damages in a less period than 90 days.

**4. Trial ⟞351(5)—Refusal of special issue, necessarily included in another issue, not error.**

In action on accident policy, refusal to submit special issue as to whether disability resulted from a former injury, or from any other cause than the injury complained of, *held* not error, where issue whether or not last injury received was sole cause of disability was submitted.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by J. J. Burns against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Woods, King & John, of Houston, for appellant.

W. P. Hamblen, R. L. Fowler, and R. C. Conn, Jr., all of Houston, for appellee.

PLEASANTS, C. J. This is a suit by appellee to recover upon an accident insurance policy issued to him by appellant. Plaintiff's petition alleges, in substance, that by the terms of the policy appellant agreed and contracted to pay him the sum of $100 a month for total disability suffered by him, not exceeding 36 months, "resulting from bodily injury sustained through external, violent, and accidental means"; that on or about February 1, 1923, he sustained bodily injuries by slipping and falling while handling a gas stove, which totally and permanently disabled him from performing work of any kind. The petition asks for the recovery of $3,600, the full amount of the policy.

Appellant answered by general demurrer, special exception, and general denial, and further pleaded as follows:

"Subject to the action of the court upon the foregoing general and special exceptions, without waiving the same and still insisting upon the same, this defendant, specially answering herein, says: That plaintiff is not entitled to recover herein as sued for, except as hereinafter shown, for that the contract policy declared upon in plaintiff's petition contained, among other provisions, the following express provisions: '(1) If the insured is disabled by injury or illness for more than 30 days, he or his representative shall, as a condition precedent to recovery hereunder, furnish the company, every 30 days, with a report in writing from his attending physician or surgeon, fully stating the condition of the insured and the probable du-

ration of his disability.' That by the terms of said provisions, which defendant alleges to be reasonable, and a compliance therewith necessary to fix liability against this defendant, the plaintiff contracted, bound, and obligated himself to comply with the terms of said provisions and to give notices to this defendant, as is required therein, as a condition precedent to fixing liability against this defendant, and with the terms of which provisions this defendant says plaintiff has failed to comply, except to furnish one report to this defendant of such accident, as is required by said provisions, which was done on the 15th day of February, A. D. 1923, and thereafter neither the insured nor his representative complied with the terms of said provisions, but have wholly breached the same, and because of which plaintiff cannot recover, except for the period of 45 days, aggregating the sum of $150, and for the return of the unearned premiums paid on said policy amounting to $44.18, all aggregating the sum of $194.18, which said sum, long before the filing of this suit, this defendant tendered to the plaintiff in full discharge of its liability.

"And further specially answering, this defendant says that the policy sued upon contained specific provisions annexed and quoted; that thereafter, on the 15th day of February, A. D. 1923, plaintiff furnished to defendant report of his injury and of its probable duration, as certified to by his attending physician, in which it was certified that this plaintiff had badly sprained muscles, but expected to perform some of his duties in about 60 days; that thereafter, about the 23d of February, A. D. 1923, this defendant mailed to plaintiff proper blanks for final proof as to this accident, which plaintiff failed and refused to fill out and furnish to the defendant, as is required by the terms of this policy; and that said final proof was not furnished, and neither was report of said injury furnished, as required by said policy, every 30 days, and no further report was given to this defendant until about the 22d day of September, A. D. 1923, when defendant received from plaintiff's attorneys the filled-in blank theretofore furnished by defendant on the 23d day of February, A. D. 1923, and which defendant says was not in compliance with said policy provisions; and that by the failure to so furnish the reports said policy became breached on the part of the plaintiff, and this defendant's liability fixed at the sum of $100 per month for 1½ months, amounting to $150, and for the return of the unearned premiums, to wit, $44.18, aggregating the sum of $194.18, which this defendant, long before the filing of this suit, tendered to the plaintiff, and which said sum it here now tenders into the registry of the court as a full, complete, and final discharge in payment of its liability, under the terms of its said policy."

This pleading was sworn to by appellant's attorney.

By trial amendment, appellee pleaded a waiver by appellant of the provisions of the policy pleaded by appellant—

"in this, that it, in response to a letter from plaintiff's attorneys, stated that it was in order for plaintiff to send the proof sent plaintiff

on February 23, 1923, which plaintiff did on September 20, 1923, send to defendant, and said proof or notice was retained and accepted by defendant, and no objection made thereto."

The trial in the court below with a jury resulted in a verdict and judgment in favor of the appellee for the sum of $1,370, with interest and costs of suit.

[1] The evidence bearing upon the questions presented by this appeal sustains the following fact conclusions: Plaintiff was injured as alleged in his petition on February 1, 1923. The circumstances, character, and extent of the injury are thus detailed by plaintiff in his testimony:

"I was carrying a gas stove up the steps, and we had it on an incline, and I was in the rear, with the end against my shoulder, and when near the top I wanted to raise my end up with the man in front, and just as I did something gave way in my hip and threw me up against the stove. I was not able to get up, and I laid there, and they picked me up and put me in the car and carried me home. The helper carried me home, and I called a physician, Dr. J. W. Thorn. That was February 1, 1923. I am still having trouble with that hip that gave way. This hip pains in here. It is awful painful; can't stoop, and can't walk any distance. Always in pain; when I walk any great distance I can feel the pain. It seems like it goes into a pocket, and I can't bend, stoop, or do anything of any kind. I never had any trouble with the hip before this injury, and never had any other trouble, or any sickness that I know of. I was sick one time in the year 1922—sick three days with the dengue fever. I have always been a man who worked every day, and my work has always been laboring work. I have never had any training for clerical or office work. I have never been able to do any character of work since I have been injured. I can come down town and walk around and go right back home, but I suffer pain when I do, and I don't do it unless I just have to."

On the 22d day of December, 1923, plaintiff, in attempting to remove a stove from a rack in the store in which he was employed, fell and sprained or twisted his left knee. This injury disabled him for 27 days, for which time appellant paid him the indemnity or compensation claimed under his policy. He had been back at his work after his first injury about 14 days when he received the injury for which he seeks compensation in this suit. Plaintiff was treated for both of these injuries by Dr. J. W. Thorn. This physician first testified, in substance, that when he first saw plaintiff after his second injury he thought the cause of his trouble was his going to work before he recovered from his first injury. He says:

"He was reported as convalescent—supposed to be—but he was walking with a limp the last time I saw him before he went to work, he was lame. If he worked for two weeks and then suffered another injury, I would say the second accident was simply contributory to the first. I would consider it in this manner—he was not fully recovered before he got well. That would be the way I would interpret it. I would not attribute ' the whole disability to either one of the accidents alone. It is impossible to say the duration of his disability—it is an indefinite time, absolutely. In my opinion as a physician, and from my examination of Mr. Burns, I would say that he is disabled from doing any character of manual labor. * * * If a man in Mr. Burns' condition had been able to go back to work after that first injury, and worked for two weeks handling heavy stoves, and then suffered an injury to his hip, I would say that the trouble immediately after the second injury was caused by the second injury."

Dr. Fox, who made an X-ray examination of plaintiff's leg after his second injury, testified, in substance, that he discovered no trouble in plaintiff's knee, but found an inflammatory condition in and around the hip joint. He testified:

"I made a picture of the knee at the time I made the picture of the hip, but I don't think he mentioned to me at that time that a 200-pound stove had fallen on the knee; I think the first time I heard about that was right here. If on the 22d of December, before this happened, he was pulling down a big stove that weighed 200 pounds, and it fell down on his left side, and caught his knee, and injured him, and laid him up for a month, I could not say what effect that might have on the periosteum of the hip. If I had been treating him I would know. Leaving out his history of the case, I would say it might have injured it at that time, and the inflammation would result just the same as it has. If he had been laid up with that knee and then went back to work and worked two weeks, lifting those stoves, if that hip injury had been injured at the time the knee was injured, it would have hurt him. If there was inflammation there it would have caused him pain."

We think the evidence is sufficient to sustain the finding of the jury that plaintiff's disability resulted solely from the injury received by him on February 1, 1923, and that such finding is not so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. It follows from this conclusion that appellant's assignment and proposition presenting this question cannot be sustained.

[2, 3] Under appropriate assignments and propositions, appellant further complains of the judgment on the ground that, upon the undisputed evidence, plaintiff was not entitled, under the express provisions of his contract of insurance, to recover more than the compensation due him for the first 45 days of his disability, and the amount of the unearned premium paid by him for the policy, which sums amounting to $194.18 were tendered plaintiff by appellant before this suit was filed, and were again tendered in court on the trial of the case.

The contract of insurance contains the following provision:

"If the insured is disabled by injury or illness for more than 30 days, he or his representative shall, as a condition precedent to recovery hereunder, furnish the company, every 30 days, with a report in writing from his attending physician or surgeon, fully stating the condition of the insured and the probable duration of his disability."

The evidence shows that, in compliance with the terms of his policy, plaintiff on February 15, 1923, informed appellant of his injury. This notice of claim was accompanied by a preliminary report from Dr. Thorn, plaintiff's physician, stating that he had examined plaintiff and found him suffering from an injury to his left knee and the flexor muscles of his left leg, which were badly sprained, that this injury totally disabled plaintiff from performing the duties of his occupation, and that, in the physician's opinion, the injury would last about 60 days. In response to this notice of claim for compensation, appellant wrote plaintiff on February 23, 1923, inclosing in his letter a blank form for final proof of loss. The insurance policy required appellant to furnish a claimant with form for proof of loss within 15 days after receipt of notice of claim, and provides further:

"If such forms are not so furnished within 15 days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made."

No further report was made by plaintiff as to his condition until the 22d day of September, 1923, when he sent appellant the filled-in blank for proof of loss which had been sent him on February 23d. In this proof of loss plaintiff claims compensation for total disability extending from the time of his injury to September 22, 1923, and states that such disability will continue indefinitely. On receipt of this claim, appellant wrote plaintiff's attorney as follows:

"Dear Sir: This will acknowledge your letter inclosing report requested in our letter of the 7th inst., in connection with the matter written above. First report received in evidence of this claim is dated February 15, 1923, and shows that the insured was injured on January 31, 1923, having regular attendance from physician until February 15th. From that date and until September 22d, the company was not furnished either by the insured or his representative a written statement from the attending physician, fully stating the condition of the insured. Such report should have been furnished the company at the expiration of each 30 days' disability under the terms and conditions of the policy contract. It is evident the company had no liability on the expiration of 30 days from date of last report (February 15, 1923), and we therefore inclose herewith draft in amount of $194.18, covering 45 days total indemnity, and in addition thereto unearned premiums amounting to $44.18, in full settlement of this claim."

There is no contradiction in the evidence as to the facts bearing upon this question, and, under the plain and unambiguous terms of his contract, plaintiff was not entitled to receive any compensation for disability extending more than 30 days after the notice of claim and report of his condition sent appellant on February 15th.

There is, we think, nothing unreasonable in this provision of the policy requiring an insured, who claims compensation for disability caused by injury or sickness which lasts longer than 30 days, to keep the company informed of his condition by furnishing it with his physician's report every 30 days. Such requirement is manifestly made for the protection of the company against fraud and imposition, and when we consider how numerous and widely distributed the beneficiaries in such policies may be, efficient protection of the company could not be otherwise secured except at such additional costs to the insurance companies as would necessarily increase the costs of such insurance. Such a provision in a policy of this kind cannot be held to be against public policy. Being neither unreasonable nor against public policy, the provision must be upheld, unless prohibited by our statute. Article 5714, Vernon's Sayles' Statutes. This statute provides that:

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void."

Appellee very earnestly insists that the provision of the contract requiring reports every 30 days of plaintiff's condition is void under the statute above quoted. In support of their contention, appellee's counsel cite the case of Ins. Co. v. Herndon (Tex. Civ. App.) 184 S. W. 283. This case fully sustains appellee, but the court which rendered that decision has, in a subsequent opinion in the case of Southern Casualty Co. v. Landry (Tex. Civ. App.) 266 S. W. 804, reversed its former holding and upheld the validity of contracts of this kind. In the Landry Case, supra, the court says:

"In the case of Insurance Co. v. Scott (Tex. Civ. App.) 218 S. W. 53, grave doubts were expressed as to whether article 5714 is applicable to a stipulation in an insurance contract for 'immediate' notice of the happening of an occurrence insured against, but that said law applied to the notice to be given of any claim for damages, and that it made no direct reference to the question of requiring notice of the happening of the things insured against. The

statute invoked 'is restrictive and in deroga- | not bring himself within the conditions of the
tion of the common-law right to freely con- | policy, he is not entitled to recover for the loss.
tract, and therefore, under well-settled rules, to | * * * It is immaterial to consider the rea-
be construed strictly.' Insurance Co. v. Scott, | sons for the conditions or provisions on which
supra. This holding, we take it, was approv- | the contract is made to terminate, or any oth-
ed by the Supreme Court when it denied an | er provision of the policy which has been ac-
application for writ of error in said case. Fur- | cepted and agreed upon. It is enough that the
thermore, in the case of Texas Glass & Paint | parties have made certain terms, conditions on
Co. v. Fidelity & Deposit Co. 244 S. W. 113, | which their contract shall continue or ter-
this exact point was again under consideration | minate. The courts may not make a contract
by the Commission of Appeals, and the holding | for the parties."
in Insurance Co. v. Scott, supra, was followed."

While the court in the Scott Case (Tex.
Civ. App.) 218 S. W. 53, expressed the opin-
ion that the statute does not apply to con-
tracts of this kind, the decision of the case
was not based on that opinion, and the re-
fusal of a writ of error by the Supreme Court
cannot be regarded as an express approval
by that court of the opinion in question.
However, in the case of Texas Glass & Paint
Co. v. Fidelity & Deposit Co., 244 S. W. 113,
the Commission of Appeals seems to approve
the opinion in the Scott Case that the statute
is not applicable to contracts of this kind,
and assumes that the refusal of a writ of
error in that case carries with it the approv-
al of the opinion by the Supreme Court. We
agree with the opinion expressed in the
Scott Case that the statute does not apply
here.

The requirement that, in case of continued
disability, for which appellant had contract-
ed to pay appellee a stipulated monthly
amount, appellant would not be liable for
such payments, unless appellee kept it in-
formed monthly of his condition, cannot be
regarded as a "stipulation requiring notice
to be given of a claim for damages," as that
term is used in the statute above quoted.

It follows from these conclusions that ap-
pellant's contention that the judgment
against it should be reduced as above indi-
cated must be sustained.

We deem it proper to say that there is
nothing in this record to show any fraud or
attempted fraud on the part of appellee. He
has simply failed to do that which he agreed
to do in order to fix appellant's liability, and
the courts cannot relieve him of a contract
which he deliberately and willingly made,
and which, as we have before said, is not in
our opinion unreasonable or against public
policy.

The following quotation from the opinion
of the Supreme Court of the United States,
in the case of Ins. Co. v. Coos County, 151
U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231, is es-
pecially applicable to this case:

"For a comparatively small consideration, the
insurer undertakes to guarantee the insured
against loss or damage, upon the terms and
conditions agreed upon, and upon no other, and
when called upon to pay, in case of loss, the
insurer, therefore, may justly insist upon the
fulfillment of these terms. If the insured can-

[4] There is no merit in appellant's conten-
tion that the judgment should be reversed be-
cause of the refusal of the court to submit
the following special issue to the jury:

"Does plaintiff's disability result in part from
the injury received by him on December 22,
1922, or from any other cause other than the
injury he received, if any, on February 1,
1923."

The jury were asked by the court to say
whether or not the injury received by appel-
lee on February 1st was the sole cause of
his disability. The issue as submitted neces-
sarily included the issue of whether there
was other cause or causes for the disabil-
ity, and there was nothing in the pleading or
proof which required the court to submit the
issue in the form requested by appellant.

For the reasons stated, the judgment of the
trial court should be reformed, as above in-
dicated, and, as so reformed, should be af-
firmed, and it has been so ordered.

Reformed and affirmed.