### BURNS v. AMERICAN NAT. INS. CO.
### (No. 598–4429.)

(Commission of Appeals of Texas, Section B. Feb. 17, 1926.)

**1. Evidence ☞596(1)—One asserting cause of action must prove it by preponderance of evidence, at least to make prima facie case.**

One asserting cause of action has burden of proving it by preponderance of evidence, at least to make out prima facie case.

**2. Damages ☞163(1)—One claiming "damages" for breach of written contract must show breach by other party without his fault and ascertainable damages.**

Where one claims "damages," which is sum awarded because another has wrongfully invaded his rights contrary to agreement or to law, under terms of written contract, in execution of which there is no fraud, accident, or mistake, he must allege and prove that without his fault or negligence other party has breached contract, and show damages in sum which can be ascertained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Damage—Damages.]

**3. Insurance ☞146(3)—Rule of strict construction in favor of insured does not affect rule that contracts of insurance are to be construed as other contracts, taking all parts thereof together.**

General rule that contracts of insurance are to be strictly construed in favor of insured does not affect rule that such contracts should be construed as other contracts, taking all parts together and giving them such meaning as will carry out intention of parties to fullest extent.

**4. Contracts ☞143.**

Terms of contract free from ambiguity and not against policy of law establish right of parties thereto.

**5. Contracts ☞221(2)—"Condition precedent" is such as must happen or be performed before right can accrue to enforce obligation dependent on happening or performance thereof.**

"Condition precedent" is such as must happen or be performed before right can accrue to enforce obligation dependent on happening or performance thereof against another, in favor of one claiming such right.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Condition precedent.]

**6. Insurance ☞539(1)—Provision of accident insurance policy requiring written report by physician every 30 days held not rendered void by statute (Rev. St. 1925, art. 5546).**

Provision of accident insurance policy requiring written report of physician or surgeon every 30 days *held* condition precedent to arising of liability, and not condition precedent to claim for damages contrary to Rev. St. 1925, art. 5546, prohibiting stipulations for notice of claim for damages in less than 90 days.

**7. Contracts ☞221(3)—Statute making void stipulations for notice of claims for damages in less than 90 days applies only when pleading and proof makes prima facie case that contract has been breached (Rev. St. 1925, art. 5546).**

Before there can be claim for damages within Rev. St. 1925, art. 5546, making void stipulations for notice of claim for damages in less than 90 days, there must be made prima facie case by pleading and proof that contract has been breached by party against whom claim is made.

**8. Contracts ☞147(2).**

In passing on intention of parties to contract, evident purpose in using certain language may be considered.

**9. Insurance ☞547—Upon failure of insured to prove report of condition as required by accident insurance policy and tender amount conceded to be due, verdict should have been directed for insurer.**

In action on accident insurance policy, on failure of insured to prove giving of written report of condition every 30 days, which was made condition precedent to recovery by policy, and on tender by insurer of unearned premiums and amount conceded to be due, verdict should have been instructed in favor of insurer.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by J. J. Burns against the American National Insurance Company on an accident insurance policy. Judgment reforming and affirming a judgment in favor of plaintiff (273 S. W. 339), and plaintiff brings error. Affirmed.

W. P. Hamblen and Warren & Conn, all of Houston, for plaintiff in error.

Woods, King & John, of Houston, for defendant in error.

SHORT, J. The Supreme Court granted the writ of error in this case on the ground of the apparent conflict of opinion as to the proper construction of article 5546 of the Revised Civil Statutes of 1925, the same being article 5714, Vernon's Revised Civil Statutes, so much of which as is involved in the matter under discussion is as follows:

"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a

less period than ninety days shall be void, and when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same."

The opinion of the Court of Civil Appeals in this case is reported in 273 S. W. 339. This opinion is in direct conflict with the case of Insurance Co. v. Herndon (Tex. Civ. App.) 184 S. W. 283, the facts in each case being substantially the same. The decision of the Court of Civil Appeals in this case is also alleged to be contrary to the decision of the Supreme Court in the case of Citizens' Guaranty State Bank v. National Surety Co., 258 S. W. 468.

The plaintiff in error, Burns, sued the defendant in error, American National Insurance Company, for $3,600, basing his suit upon an accident insurance policy issued to him by the defendant in error. In his petition, Burns alleged that by the terms of the policy he was to receive $100 a month for total disability suffered by him, not exceeding 36 months, sustained through external, violent, and accidental means, and that about February 1, 1923, he sustained physical injuries which totally and permanently disabled him for performing work of any kind. The trial court rendered a judgment in favor of Burns and against the insurance company, after a trial before a jury, upon facts found by the jury to the effect that Burns did receive an injury through accidental means on the 1st of February, 1923, resulting in total disability, and that his disability resulted solely and alone from such accident, for the sum of $1,-370, with interest and costs, this being the full amount claimed up to the date of the judgment, the remainder of the claim having been dismissed.

The defendant in error, after demurring to the petition and denying generally its allegations, answered that it was not liable to the plaintiff in error, because the policy, among other provisions, contained the following:

"If the insured is disabled by injury or illness for more than thirty days, he or his representative shall, as a condition precedent to recovery hereunder, furnish the company every thirty days with a report in writing from his attending physician or surgeon, fully stating the condition of the insured and the probable duration of his disability."

And further alleged that no such report was furnished except one which was made on the 15th of February, 1923, and after tendering in court $150 and the unearned premiums paid on the policy amounting to $44.-18, aggregating $194.18, claimed that this was in full discharge of its liability. The testimony supported the allegations of fact in this answer with reference to this particular matter, even as the testimony did also support the remaining material allegations of the plaintiff in error made in his petition, thus presenting a question of law as to whether the article of the statute above mentioned was applicable. The trial court held that it was, as above stated, but the Court of Civil Appeals held that it was not, and reversed the judgment of the trial court except as to the sum of $194.18.

The plaintiff in error submits only one assignment of error, and thereunder two propositions, as follows:

"Plaintiff in Error's First Assignment of Error.

"The Court of Civil Appeals erred in sustaining the defendant in error's assignments of error and propositions 1 and 2 thereunder, which are quoted as follows:

"Defendant's first assignment of error is as follows: 'Because the court erred in refusing to give defendant's request for peremptory instruction.'

"Defendant's first proposition under its first assignment of error: 'A contract providing that, as a condition precedent for the demand of a sum, or sums of money, the contract provides one party thereto shall pay the other, the party demanding payment shall furnish the party from whom payment is asserted to be due a certain certificate, statement or report, is valid; and proof of compliance with such condition is essential to recovery.'

"Defendant's second proposition under its first assignment of error: 'Sending of forms for final proof of claim, when a certificate, or report of physician has been furnished as provided by another clause in the policy, the insurance company, admitting and intending to pay the sum due and proved by the physician's report, upon making final proof of claim, is not a waiver of the failure to furnish the physician's report as a basis for claim of other and additional sums under the same policy.'

"Plaintiff in error's first proposition: The stipulation in the contract sued on requiring a notice or report every 30 days as a condition precedent to recovery of the amount due under the policy is contrary to the provision of Statute 5714, and void, and compliance therewith is unnecessary. Where, under the terms of an insurance policy, the insurance company agreed to pay to the insured the sum of one hundred dollars per month during the period of disability, and has knowledge that such injury will exceed a period of 30 days' time, and having accepted premiums before and after injury, the notice so given indicating at least a 60-day period of disability, and makes no attempt to pay the sums of money due under said notice actually given as provided in the contract of insurance until some eight months thereafter, and only then when the matter was in the hands of an attorney for collection, is in no position to set up as a defense the failure of the insured to give notice every 30 days, and by such actions the company waived any rights it may have had under said provision requiring notice every 30 days."

"Plaintiff in error's second proposition under his first assignment of error: Where there is no evidence that the insurance company had been injured, harmed, or placed in a disadvantageous position and had failed to plead such injury or harm because of the failure of the insured to give notice as required in the policy of insurance, they are estopped to set up as a defense such failure to so notify."

The correct determination of the question presented by the assignment depends upon the true construction of the phrase "claim for damages" in the statute quoted. If the plaintiff in error's suit is based upon a "claim for damages" within the meaning of the statute quoted, then the assignment must be sustained, because there is no question made in the record that the notices were given at any time except as above stated, nor is there any question made that the policy was issued under such circumstances as would enable it to be attacked on the ground of fraud, accident, or mistake in the making of the contract between the parties, of which the policy is the evidence. The Supreme Court, in the case of G., C. & S. F. Ry. Co. v. Fuller, 63 Tex. 470, and also in the case of G., H. & W. R. Railway Co. v. Hall, 14 S. W. 259, 78 Tex. 172, 9 L. R. A. 298, 22 Am. St. Rep. 42, says that by "damage" as used in article 1, § 17, of the Constitution, is meant "every loss or diminution of what is a man's own occasion by the fault of another"; and the Supreme Court of the United States, in Scott v. Donald, 17 S. Ct. 265, 165 U. S. 86, 41 L. Ed. 635, uses this language:

"Damages have been defined to be the compensation which the law will award for an injury done."

[1, 2] Before one has any "claim for damages" whereby he can give to another notice thereof, there must be in existence provable facts of a cause of action in his favor against the other; and it is a familiar principle of the law that one asserting a cause of action has the burden of proving it by a preponderance of the evidence, at least to the extent of making out a prima facie case in his favor. Damages are a sum awarded to one because another has wrongfully invaded his rights contrary to agreement or contrary to law; and where one claims damages under the terms of a written contract in the execution of which there is no allegation that it was executed through fraud, accident, or mistake, he must stand upon the contract as written, and allege and prove that without fault or negligence on his part the other party to the contract has breached it, showing that on account of such breach the complaining party has been damaged in a sum which can be ascertained.

The policy which is the basis of the cause of action alleged in the petition of the plaintiff in error is not ambiguous in its terms, though rather complicated in some of its language. It provides that in consideration of certain premiums to be paid quarterly by the plaintiff in error, the fact that the defendant in error insures the former, "subject to all the conditions herein contained," against disability resulting directly and exclusively of all other causes from bodily injuries sustained through external, violent, and accidental means, at the rate of $100 per month for the period during which such injury shall from the date of the accident wholly disable and prevent the plaintiff in error from performing any and every duty pertaining to any business or occupation, and "is under the regular attendance of a legally qualified surgeon" during a maximum period of 36 consecutive months, "and to begin with the first call of the surgeon." It further provides the condition above quoted with reference to furnishing the company every 30 days with a report in writing stating the condition of the insured and the probable duration of his disability by the attending physician. This is a separate and distinct clause. There are other conditions attached, one of which is that a notice of the claim must be in writing and must be given to the company within 90 days after the date of the accident causing the injury or after the commencement of the disability, and that in the event of accidental death, immediate notice must be given to the company, stating in this connection that the failure to give this last-mentioned notice provided in the policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible. In another separate paragraph it is provided as to how final proof of loss should be made by the plaintiff in error and received by the defendant in error, stating that upon the receipt of such notice the defendant in error shall furnish to the claimant such forms as are usually furnished by it for filing proofs of loss, and in the event such forms are not furnished within 15 days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy with reference to proof of loss upon submitting, within the time fixed in the policy for filing such proofs of loss, written proof covering the occurrence, character, and extent of the loss for which the claim is made. There is another provision requiring affirmative proof of loss to be furnished the company in case of any claim for loss of time from disability within 90 days after the termination of the period for which the company is liable, and in case of claim for any other loss, within 90 days after the date of such loss. With reference to monthly payments, the policy provides in a separate paragraph that upon request of the insured, and subject to due proof of loss, indemnity for loss of time on account of disability will be paid at the expiration of each 30 days during the continuance of the period for which the company is liable. These provisions of the policy have been noted because they are material in determining the intentions of the parties.

[3] The general rule that contracts of insurance are to be strictly construed in favor of the insured does not affect the further general rule that contracts of insurance are to be construed as other contracts, and that

all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties. Travelers' Insurance Co. v. Scott (Tex. Civ. App.) 218 S. W. 53; Cooley's Briefs on the Law of Insurance, vol. 2, p. 1483.

[4, 5] Terms of contract free from ambiguity, and not against the policy of the law to enforce establish the right of the parties thereto. Menard v. Sydnor, 29 Tex. 261. A "condition precedent" is such as must happen or be performed before a right can accrue to enforce an obligation dependent upon the happening or performance thereof against another in favor of one claiming such right. In the case of Sun Mutual Insurance Co. v. Mattingly, 13 S. W. 1016, 77 Tex. 162, Judge Gaines says:

"As a rule, when the policy [meaning insurance policy] requires the proofs of loss to be made within a specified time, a compliance with the requirement is a condition precedent to a recovery."

[6, 7] It is true that this decision was rendered before the enactment of article 5546 of the Statutes of 1925. However, if this statute is not applicable to the facts in this case, this declaration would be authority in support of the opinion rendered by the Court of Civil Appeals. It will be noted that plaintiff in error's claim is based upon the obligation imposed by the terms of the policy to pay him $100 each month under certain conditions. Evidently it was the intention of the parties that the plaintiff in error's rights to demand and receive the $100 each month would depend upon the happening of certain events and the performance by him of certain things. Upon the happening of these events and the performance by him of these things, he was entitled to receive $100 each month. The suit is based upon the assertion of this right under the terms of the policy. There could be no breach of the contract by the defendant in error, and therefore there could be no damage resulting to the plaintiff in error, until these conditions existed and the performance by him of the things which he had obligated himself to have done. One of the things he obligated himself to have done was to have his attending physician furnish a report every 30 days stating his physical condition. The law compels us to assume, in view of the testimony to the effect that the plaintiff in error was entitled to be paid the $100 monthly on account of his disability, that had the report of his physician been made in accordance with this provision, the defendant in error would have paid each month the sum it obligated itself to pay. Until the conditions prescribed by the terms of the policy had been met, no obligation was imposed upon the defendant in error to pay the plaintiff in error anything, and in the absence of such obligation, there could be no breach of the contract, and therefore no damage could accrue. In other words, before there can be a "claim for damages" within the meaning of the statute, there must be made a prima facie case by the pleading and proof that the contract upon which the suit is based had been breached by the party against whom the claim is made.

The case of Citizens' Guaranty State Bank v. National Surety Co., 258 S. W. 468, the opinion of which is claimed by the plaintiff in error to be in conflict with the opinion of the Court of Civil Appeals in this case, was a suit upon a fidelity bond which undertook to indemnify the payee against losses arising from the malfeasance of one of its officers in the handling of money and securities. In that case, Judge Stayton, speaking for Section B of the Commission of Appeals, says:

"In certain bonds for indemnity in favor of an employer or the owner of premises against loss by reason of the liability imposed upon the principal by law for damages on account of personal injuries to employees or to the public, stipulations are found requiring that notice of an accident to an employee, or to a third person, be given to the surety at, or within, a stated time. The opinions in such cases seem to be that the stipulations for notice of 'accident' are not within the statute under consideration. See Travelers' Ins. Co. v. Scott (Tex. Civ. App.) 218 S. W. 53, and cases following it. These cases are not thought to be at variance with this opinion. The cause of action—the claim for damages—contemplated by the statute never arises in them, unless not only an 'accident' occurs, but also liability results, and the injured person, moreover, instead of disregarding the matter, as he may do, obtains damages or compensation from the principal for his injuries. In such an instance, the statute by a fair construction need not extend so far into past occurrences and relationships as the mere 'accident.' The intention of the statute may be reached by rejecting, as a prerequisite to recovery, notice of that which is related to a claim for damages by the insured against the insurer. A mere possibility more remote than a separate and previous cause of action—a claim against the insured by a third person—is not reasonably within the statute."

It will be seen that the opinion in the case from which the quotation is made is not only not in conflict with the opinion of the Court of Civil Appeals in the case at bar, but is in harmony therewith, in that the doctrine is announced therein that liability must result from the act or acts of the party against whom the claim is made before the statute can be invoked. In other words, there must be at least the elements of a cause of action based upon a breach of the contract alleged to have been executed by the party in default. In the case at bar there is no allegation on the part of the plaintiff in error that he had complied with the obligations assumed by him in the written instrument which is the basis of his cause of action; nor is there any contention that the defend-

ant in error had breached the contract at the expiration of any period of 30 days at the end of which under the terms of the contract the defendant in error was liable to pay the plaintiff in error $100. The meaning of the word "accident" and the provision to give notice thereof appearing in bonds for indemnity in favor of an employer or owner of premises against loss by reason of the liability imposed upon the principal by law for damages on account of personal injuries to employees, notice of which is required to be given, is in the nature of a condition precedent such as occurs in the policy under discussion.

[8] While courts ordinarily are not concerned with the reasons underlying the use of language by parties to contracts, yet in passing upon the intention of the parties gathered from such language, it is permissible to consider the evident purpose of the parties in using certain language. So, in the case at bar, the language used by the parties constituting the condition quoted may have been inserted for the purpose of relieving the defendant in error from the expense and trouble of making an independent investigation of the condition of the plaintiff in error, by using and accepting as conclusive the information received by it from the physician or surgeon of the plaintiff in error; and, on the other hand, the plaintiff in error may have been actuated in the use of the language contained in the condition quoted by the idea that he would the more expeditiously receive from the defendant in error the $100 due him by having his own physician transmit to the defendant in error at the end of each 30 days the information required by this provision in the contract. Again, as said by the Court of Civil Appeals in its opinion (273 S. W. 339):

"Such requirement is manifestly made for the protection of the company against fraud and imposition, and when we consider how numerous and widely distributed the beneficiaries in such policies may be, efficient protection of the company could not be otherwise secured except at such additional costs to the insurance companies as would necessarily increase the costs of such insurance."

But, as said by the Supreme Court of the United States in the case of Insurance Co. v. Coos County, 14 S. Ct. 379, 151 U. S. 452, 38 L. Ed. 231:

"It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms, conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties."

[9] In the case of Brotherhood of Railway Trainmen v. Dee, 111 S. W. 396, 101 Tex. 602, Judge Brown, speaking for the Supreme Court, held that where a benefit certificate provided that failure to pay dues and assessments imposed within a specified time should terminate the certificate; but a provision of the society's constitution allows a member expelled for nonpayment of dues to be readmitted on application on a form provided by the Grand Secretary and Treasurer, and on paying all arrearages according to the laws governing application for membership, except that where less than 60 days had elapsed no medical certificate is required, a member under such provision was not entitled to reinstatement on payment of dues as a matter of right within 60 days after forfeiture. Article 5546 of the present statute, which was article 5714 under the Revised Statutes of 1911, was the law at the time this opinion was rendered, and while there is no mention made of it in the opinion, it must be assumed that the court took notice of its existence and meaning. We are unable to find any distinction in the application of the law between a mutual benefit insurance company and an accident insurance company, and if there be no difference, then the defendant in error could provide, as a condition precedent to the company paying to the insured certain sums of money monthly, that the insured shall, every 30 days, notify the company or its agent of his sickness or disability. That is all this provision of the policy did. This condition of the policy quoted is not a stipulation in any contract requiring notice to be given of any claim for damages. It is merely a contractual obligation assumed by one capable of making the contract, whereby he undertook for a valuable consideration, to give to the party with whom he contracted certain information through a certain source, to wit, his attending physician, as a condition precedent for being entitled to receive from such other, the payment of the sum promised. The policy in this case provides that in consideration of the payment by the plaintiff in error of a certain sum to the defendant in error, the latter insured the former against disability, "subject to all the conditions" in the contract contained, and upon the happening of these conditions, including the performance of the things required by the plaintiff in error which are embraced within the meaning of the term "conditions," the defendant in error agreed to pay the plaintiff in error $100 per month for the period during which such injury wholly disabled him, providing in a separate clause that—

"If the insured is disabled by injury or illness for more than thirty days, he or his representative shall as a condition precedent to recovery hereunder, furnish the company every thirty days with a report in writing from his attending physician or surgeon, fully stating the condition of the insured and the probable duration of his disability."

This not having been done, and the cause of action in this case being based upon the

instrument, of which the above quotation is a part, no cause of action stated in the petition was proven, except to the extent of the amount which the judgment of the Court of Civil Appeals permits the plaintiff in error to recover, and this amount having been tendered to the plaintiff in error before this suit was filed and again tendered in court, an instructed verdict by the trial court should have been given in favor of the defendant in error.

Being of the opinion that article 5546 of the Revised Statutes of 1925 (5714, Revised Statutes of 1911) is not applicable to the facts in this case, and that the opinion of the Court of Civil Appeals reversing in part and affirming in part the judgment of the trial court should be affirmed, we so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.