## WASHINGTON NAT. INS. CO. v. BOOKER.
### No. 4960.

Court of Civil Appeals of Texas. Amarillo.
Dec. 12, 1938.

Rehearing Denied Jan. 23, 1939.

976

G. Woodson Morris, of San Antonio, for appellant.

Hayden C. Covington and R. H. Mercer, both of San Antonio, for appellee.

JACKSON, Chief Justice.

The record discloses that about May 13, 1913, the American National Insurance Company of Galveston, Texas, issued to Wm. H. Stonebreaker a health and accident insurance policy for which he agreed to pay and did pay $1.35 per month as the consideration for and the premium on said policy.

About June 13, 1931, the American National Insurance Company transferred to the Washington National Insurance Company at Chicago the contract and policy of insurance issued and delivered to Wm. H. Stonebreaker and the last named company assumed the liabilities on said policy. The premiums were paid regularly from May, 1913 until September, 1932, approximately three months after June 11, 1932, the date the insured became ill, his heart affected, legs and feet paralyzed, and thereafter he was confined to his bed and in his home until he died July 19, 1934. The insurer refused to pay the insured the health benefits and he filed suit about February 1, 1933 on his policy, presenting certain alleged facts and alleging the provisions of the policy which he claimed authorized him to recover against the insurer.

Mr. Stonebreaker left a will which was duly and legally probated in Bexar County, and Melvin A. Booker was appointed and qualified as executor of the estate of the deceased and with leave of the court was substituted as party plaintiff and prosecuted this suit, and will hereafter be called appellee.

The insurance company answered with general and special exceptions, general denial, pleaded the insured's failure to comply with certain stipulations in the policy, claiming they were conditions precedent to recovery, and asserted that under the contract of insurance it was in no event liable for any sum exceeding $35, which amount it tendered into court.

In response to special issues submitted, the jury found, in effect, that about June 11, 1932, Wm. H. Stonebreaker suffered bodily disease or illness; that he was necessarily and continuously confined in the house and regularly visited thereafter by a legally qualified physician from June 11, 1932 until his death, July 19, 1934, and was wholly disabled and prevented by such illness from performing any and every duty pertaining to any business or occupation, and that he was so wholly disabled from June 11, 1932 to July 19, 1934, and that as a result of such illness he permanently lost the entire use of one hand and one foot, and by reason thereof he was for one year during the life of the policy permanently disabled and prevented from engaging in any work or occupation; that $200 is a reasonable attorneys' fee for the attorneys of plaintiff in the prosecution and collection of the claim involved in this litigation; that the deceased furnished the insurance company every thirty days with a report in writing from his attending physician or surgeon fully stating the condition of the insured and the probable duration of his inability.

Upon these findings, judgment was rendered in behalf of the appellee for the sum of $595, with interest from the date thereof at the rate of 6% per annum and all costs of suit. From this judgment, the insurance company, hereinafter called appellant, prosecutes this appeal.

The first contention of appellant is that the court erred in overruling its first and second motions for continuance.

The suit was instituted February 1, 1933 and tried October 13, 1937. The appellant made what it designated as its first application for continuance on October 13, 1937, and its designated second application on the following day. The grounds of each motion were in substance that Dan Kilgore was its general manager at the time the claim of the deceased arose and that by investigation he had procured evidence to show that the disability of the insured was from a chronic ailment and it expected to prove such facts by the witness, who was now out of the state. It is obvious that this witness would not have been permitted to testify to the opinion that by investigation he had obtained facts that would show that the deceased had suffered from a chronic illness. Why the deposition of such witness, if he knew any material or admissible facts, had not been taken during the pendency of the suit is not shown, no diligence is revealed, and this assignment is without merit.

Appellant urges as error the action of the court in permitting appellee to file a trial amendment during the prog-

ress of the trial. This was a matter within the sound discretion of the court and the record does not show, in our opinion, an abuse of discretion.

■ The appellant challenges as erroneous the definition the court gave to "necessarily and continuously confined in the house", which was that such language does "not necessarily mean a constant literal restraint within the inclosure of four walls and an occasional visit by the insured to a doctor's office for treatment would not necessarily mean that he was not at such times confined in the house, as contemplated by the policy or contract in evidence in this case." The definition given in this charge conforms in substance and meaning to one approved in the case of Washington Fidelity National Ins. Co. v. Smith, Tex.Civ.App., 80 S.W.2d 413.

■ The appellant pleaded specially as a defense the provision of the policy, which reads as follows: "Indemnity will not accrue hereunder by reason of injury or illness unless the Insured is under the professional care and regular attendance of a legally qualified physician or surgeon. If the Insured is disabled by injury or illness for more than thirty days, he or his representative shall, as a condition precedent to recovery hereunder, furnish the Company, every thirty days with a report in writing from his attending physician or surgeon, fully stating the condition of the Insured and the probable duration of his disability."

The jury answered, as heretofore shown, that the deceased had complied with this provision. This finding is challenged by appellant for the reason that it asserts there is no testimony to support it. The only testimony relied upon by appellee is a statement of the physician who treated deceased to the effect that he had communications with the appellant advising it of the condition of insured quite frequently, and the statement of appellee that he had written the appellant but it had rejected the premiums forwarded and refused to acknowledge the policy after the third month following the stroke in June; that it returned these premiums and stated in a letter that it would not pay any more sick benefits. In our opinion, this evidence is insufficient to authorize the finding that the insured had, as required by the policy, furnished the appellant every thirty days with a report in writing by his physician stating the condition of the insured and the probable duration of his disability.

■■ In Burns v. American Nat. Ins. Co., 280 S.W. 762, it is held by the Commission of Appeals that such a provision in a policy of insurance is valid and constitutes a condition precedent to liability on the policy and a compliance therewith must be shown in order to recover. The appellee asserts, in effect, that the undisputed testimony shows appellant is estopped to urge this provision of the policy and no necessity existed to offer testimony in support thereof or to submit such issue to the jury. The questions of waiver and estoppel are not properly before us, hence, we shall refrain from commenting on the sufficiency of the testimony to establish either. The law is apparently settled in Texas that in order for a litigant to avail himself of waiver or estoppel it is essential that such defenses be pleaded.

In American Nat. Life Ins. Co. v. Rowell, Tex.Civ.App., 175 S.W. 170, the court holds [page 172]:

"Proof of the death of the insured in the present case is made, by the provisions of the policy, a condition precedent to a recovery thereon, and, plaintiff's petition failing to allege that such proof had been made as required, and failing to allege either a waiver thereof, or an excuse for not furnishing the proof, it was obnoxious to defendant's special demurrer, and the same should have been sustained.

"That a waiver must be alleged if relied on is affirmed by the following cases: East Texas Fire Ins. Co. v. Brown, 82 Tex. 631, 18 S.W. 713; St. Paul Fire & Marine Ins. Co. v. Hodge, 30 Tex.Civ. App. 257, 70 S.W. 574, 71 S.W. 386; Hollifield v. Landrum, 31 Tex.Civ.App. 187, 71 S.W. 979." See also Lone Star Finance Co. v. Universal Automobile Ins. Co., Tex. Civ.App., 28 S.W.2d 573.

■ The appellee failed to plead waiver or estoppel so he cannot rely on either to defeat this requirement of the policy. Such a pleading would have rendered admissible the letter to which appellant objected.

Because of the insufficiency of the testimony to support the finding of the jury that the deceased had complied with the provision requiring a report from his physician or surgeon every thirty days, the judgment is reversed and the cause remanded.