## HAZLITT v. PROVIDENT LIFE & ACCI-DENT INS. CO.

### No. 11839.

Court of Civil Appeals of Texas. San Antonio.

June 2, 1948.

Rehearing Denied July 7, 1948.

O. Shelley Evans and Charles J. Lieck, both of San Antonio, for appellant.

John H. Wood, Jr. and Birkhead, Beckmann, Stanard, Vance & Wood, all of San Antonio, for appellee.

NORVELL, Justice.

The case is before us as the result of the sustaining of a special exception and the refusal to amend, which resulted in the dismissal of the cause.

The appellant, as plaintiff below, sought to recover upon an accident policy issued to his wife as insured, by the appellee.

The policy provided that:

"If the insured is disabled by such in-. jury for more than thirty days,' he or his representative shall, as a condition precedent to any liability of the Company hereunder, furnish the Company at its principal offices in Chattanooga, Tennessee, every thirty days thereafter (or as near thereto as may be reasonably possible), with a report in writing from his attending physician or surgeon, fully stating the condition of

the Insured and the probable duration of his disability. Compliance on the part of the Insured or Beneficiary with all the provisions of this policy is a condition precedent to recovery hereunder and any failure in this respect shall forfeit to the Company all right to an indemnity."

The petition contained the following allegations:

"Plaintiff represents that she gave oral notice of her injury to Coleman and Company, the duly authorized agent of the defendant, at the office of said agent in the Alamo National Bank Building, in San Antonio, Texas; that said agent then and there advised the plaintiff that she had given notice of said accident too late, that the defendant denied liability and would not entertain the claim; plaintiff further represents that defendant by its said agent then and there refused to give the plaintiff any forms on which to make claim, proof of loss, or medical reports, but stated to the plaintiff that her claim would not be paid. Plaintiff says that she was unable to give notice within 20 days after the occurrence of said accident and injury, nor within 90 days, as is provided in said policy, but that she did give notice of her injury as soon as was reasonably possible, as is also provided in said policy; that notice of her injury and claim was not sooner given because of the serious illness, incapacity, and confinement of both the plaintiff (J. B. Hazlitt) and the claimant herein (Mathilda L. Hazlitt). Plaintiff represents further that the defendant refused to accept plaintiff's notice of injury, refused to give the plaintiff blanks on which to formally make formal reports as to proof of loss, medical attendance, and notice of injury, and plaintiff here represents that the defendant's refusal in such respect thereby waived compliance with such provisions of said policy relative to the making of reports, proofs of loss and medical reports usually required in such instances, which the plaintiff was then ready, able and willing to make."

Appellee lodged numerous exceptions against the petition, including one which raised the point that said pleading "does not apprise this Defendant as to whether or not such physician was a licensed physician and whether or not such physician reported in writing to the Defendant, as provided in said policy, fully stating the condition of the insured every thirty days after the occurrence of the injury and stating the probable duration of the disability, all of which is a condition precedent to any liability on the part of the Defendant."

The order of dismissal rendered by the trial court is expressly based upon the sustaining of the exception and appellant's consequent refusal to amend.

As we view it, the question presented is whether or not the denial of liability by the company's agent amounted to a waiver of compliance with the requirements set forth in the provisions above quoted.

Appellee contends that a clause of an insurance policy is legal and enforcible which provides that the furnishing of periodical medical reports shall be conditions precedent to recovery. Appellee relies upon such authorities as American National Insurance Co. v. Burns, Tex.Civ. App., 273 S.W. 339; Tex.Com.App., 280 S.W. 762; Browne v. Universal Life Ins. Co., Tex.Civ.App., 62 S.W.2d 374; Washington Nat. Ins. Co. v. Booker, Tex.Civ. App., 123 S.W.2d 975, and Tex.Jur. 1105, § 288.

However, as we view it, this appeal does not turn upon the legality of the contractual provision, but rather upon the question of waiver. The medical reports provided for by the policy are in the nature of supplemental proofs of loss, and appellant here contends that by denying liability under the policy, appellee waived compliance with the provision requiring these periodic reports.

As against a special exception, we must take the allegations of the petition as true. An unequivocal denial of liability by an authorized agent was alleged.

In Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210, 213, the Court said:

"The rule is unquestioned in this state that where the insurance company denies liability under the terms of the policy, that a compliance with the policy to furnish proofs of loss is waived and a recovery may be had thereon without furnishing such proofs. Sun Mutual Ins. Co. v. Mattingly,

77 Tex. 162, 13 S.W. 1016; East Texas Fire Ins. Co. v. Coffee, 61 Tex. 287." See also, Commonwealth Bonding and Casualty Co. v. Knight, Tex.Civ.App., 185 S.W. 1038; International Travelers Ass'n v. Marshall, Tex.Civ.App., 94 S.W.2d 558.

We conclude that the court erred in sustaining the special exception herein set forth. This is the only point before us upon this appeal. Defects of pleading, if any, present in the petition are not available to support the judgment. With the abolition of the general demurrer, a judgment of dismissal upon refusal to amend must be tested by the particular special exception involved. Wingo v. Seale, Tex.Civ.App., 212 S.W.2d 968, this day decided.

The judgment of the trial court is reversed and the cause remanded.

### On Motion for Rehearing.

Appellee has filed a motion for rehearing containing eight assignments of error. We have decided that the motion should be overruled and are of the opinion that no further comment is necessary save as to the first, second and eighth assignments, which are as follows:

(First) "This Honorable Court erred in holding that the Order of Dismissal is expressly based upon the sustaining of a special exception and Appellant's consequent refusal to amend."

(Second) "This Honorable Court erred in failing to consider the undisputed facts admitted by Appellant under oath, under Rule 169 of the Rules of Civil Procedure of Texas, which admissions were the basis of the final judgment rendered in this cause by the Trial Court below."

(Eighth) "This Honorable Court erred in not holding that the insured's failure to furnish the insurer with medical reports every thirty days, or to give the insurer any notice whatsoever of her injury as required by the policy until one hundred forty-eight (148) days had elapsed from the date of the alleged injury, defeated her right to recover under said policy, inasmuch as both of such failures on her part constituted breach of conditions precedent to any liability under the policy."

In our original opinion we described the judgment appealed from as being a judgment of dismissal rendered after a refusal to amend upon the sustaining of a special exception. It is more accurate to say that we treated the judgment as one of dismissal after the sustaining of an exception and a failure to amend. The order which followed the sustaining of the exception was one that plaintiff take nothing, a form of order more appropriate in a judgment rendered after the trial of a case upon the facts. In our original disposition of this appeal we did not consider certain admissions made by appellant in accordance with the procedure provided for in Rule 169, R. C. P. As above indicated, appellee contends that this was error and says that, "The final judgment of the Trial Court is based on the facts admitted under oath by appellant." In a supplemental brief appellee states that "The Texas and Federal cases cited by appellee in its Motion for Rehearing are clear in holding that when the Court has all the facts before it under the Sworn Admissions Rule, it is the duty of the trial court to render *summary judgment* against the adverse party."

The judgment appealed from does not contain a recitation that the "case came on for trial." It is not contended the rules set forth under the sub-heading entitled "The Trial" (Nos. 262-270) were complied with. On the contrary, it appears that the case came on to be heard "on the Special Exceptions contained in Defendant's Original Answer, filed herein on the 31st day of October, 1947, and for pre-trial hearing." The court concluded that a part of one special exception (set out in the original opinion) was well taken. From recitations contained in the judgment, it appears that the trial court considered certain admissions made under Rule 169, R. C. P., in ruling upon the exception and in disposing of the case. The judgment then provides as follows:

"It is, therefore, ordered, adjudged and decreed by the court that the parts and portion of Defendant's Special Exception above quoted be and it is hereby sustained:

"And the Plaintiff, through his attorney, having in open court stated to this court that he cannot amend his Original Petition on file herein to allege compliance with the provisions in said policy quoted hereinabove

on Page 2 of this judgment, and which deal with reports in writing from insured's physician or surgeon fully stating the condition of the insured and the probable duration of her disability, and which plaintiff has by his sworn admission under Rule 169 of the Rules of Civil Procedure of Texas, admitted under oath to be part of the policy sued on herein, and which the court finds is a condition precedent to liability on the part of defendant 'to plaintiff herein; *and it further appearing to the court that the plaintiff does not have a cause of action against the defendant* and there remains nothing further to be tried in this cause; and it further appearing to the court that judgment should be for the defendant:

"It is, therefore, ordered, adjudged and decreed by the Court that the Plaintiff, James B. Hazlitt, do have and recover nothing of and from the Defendant, The Provident Life and Accident Insurance Company, and that Defendant recover of and from the Plaintiff all costs of suit herein, for which let execution issue." (Italics ours.)

Under the eighth assignment of error above set out it is argued that certain of appellant's admissions under Rule 169 demonstrate that he can not recover. For instance, as pointed out in the original opinion, appellant pleaded that neither he nor his wife was able to give notice of claim or injury within ninety days after such injury, but did give notice as soon as it was reasonably possible to do so. Appellee states, however, that "Appellant, by sworn admissions, admits that his wife (insured) was up and around downtown San Antonio, having conferences with her doctor and her lawyer in their offices, and having numerous telephone conversations with them, each and every month after her injury was sustained on March 2, 1947, and up to July 28, 1947. It is pointed out that the Appellant is not the insured, but, on the other hand, his wife is the insured. Both she and appellant owed the duty to appellee to see that the reports were furnished." Based upon its statement as to said admissions, appellee contends that appellant can not recover upon authority of Texas Life Insurance Co. v. Sharp, Tex.Civ.App., 146 S.W.2d 447, as the admitted facts show no valid excuse for failure to give notice of claim within the proper time.

Assuming the validity of appellee's contention, a case for the rendition of a summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, would be presented. That rule provides that either the claimant or defending party may move for summary judgment. Subdivision (c) of the rule provides that,

"The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ Although summary judgment procedure has been used in England and a number of the American states for many years (28 U.S.C.A. Rules of Civil Procedure, following rule 56, p. 705) and made a part of the federal procedure, it has not been adopted in Texas. Charles E. Clark, "The Texas and the Federal Rules of Civil Procedure," 20 Texas Law Review 4. Robert W. Stayton, "The Scope and Function of Pleading under the New Federal and Texas Rules: A Comparison," 20 Texas Law Review, 16.

■ The appellee must therefore await the time until the case is called for trial and a hearing of the facts takes place in accordance with appropriate rules in order to take advantage of the admissions secured under Rule 169, T.R.C.P.

■ As we view it, questions of fact are not properly before us on this appeal. All we can determine is whether or not the trial court properly sustained the exception involved and correctly dismissed the case (or otherwise rendered judgment against appellant) upon appellant's refusal to amend. What we have said should not be

1016

construed as expressing an opinion upon the facts as partially developed by the admissions obtained under Rule 169. The pleadings only are made the basis of our order reversing the judgment of the trial court.

Appellee's motion for rehearing is overruled.