NATHAN ROSENBERG, TRADING AS ROYAL TIRE EX-CHANGE, PLAINTIFF-APPELLEE, v. MARYLAND CASU-ALTY COMPANY, DEFENDANT-APPELLANT.

Argued May term, 1925—Decided October 29, 1925.

Insurance—Motor Vehicle Liability—Insurance Company Refuses to Defend Suit Against Plaintiff on Ground That Policy Issued in Name of Corporation and Not of That of Personal Owner—Held, That It May be Shown by Parol Who the Trade Name Intended to Indicate—Held, That Due Notice of Accident was Given—No Error in Refusing to Nonsuit—Defendant's Refusal to Defend Suit Against Plaintiff Made It Necessary That Plaintiff Protect Himself.

On appeal from the Second District Court of Newark.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *Kalisch & Kalisch.*

For the defendant-appellant, *Frank G. Turner.*

PER CURIAM.

This action was tried in the Second District Court of Newark, without a jury, and judgment was rendered for the plaintiff for $350. The action was brought on an insurance policy issued to "Royal Tire Exchange Corporation." By the terms of the policy the defendant insurance company contracted to defend, at its own expense, suits brought against the assured, for accidents arising from the operation of its described automobile. One Joseph Kobich brought an action against Nathan Rosenberg (the plaintiff herein) to recover damages for personal injuries alleged to have been caused by Rosenberg's car while occupied by him, and driven by his son, the action resulted in a nonsuit. The defendant company refused, after notice, to defend that action, thus making it necessary for the plaintiff herein to incur expenses in its defense, to recover for which this present action is brought against the insurance company.

The first point is that the trial judge had no power to reform the policy. The contract or policy stated that it was entered into with "the assured named and described as such in the general agreements hereto attached, and forming part hereof." In the said agreements attached to the policy the name of the assured was given as "Royal Tire Exchange Corporation." The back of the policy (front cover as folded) bore the notation "Issued to Royal Tire Exchange." The court merely construed the policy as insuring the "Royal Tire Exchange," which was the trade-name under which the plaintiff was doing business. It is a settled rule of evidence that it may be shown *aliunde*, by parol evidence, that a fictitious or trade-name in the contract was meant to indicate a certain person. Such proof only identifies one of the parties to the contract, and makes no change in any term, condition or obligation of the contract, and is comprehended by that rule of evidence which allows the fact of a latent ambiguity to be explained by parol testimony. *Sargent* v. *Adams*, 3 *Gr.* (*Mass.*) 72; *Axford* v. *Meeks*, 59 *N. J. L.* 502.

The practical interpretation of the policy by the defendant's agents, therefore, in the correspondence and dealings between the parties coincided with the construction thus adopted by the court.

The second contention is that immediate notice of the accident was not given, and point three is that the court erred in finding a waiver of timely notice of the accident. This contention is based upon the following provision in the policy: "No change whatever in this policy, and no waiver of its provisions, shall be valid unless an endorsement is added hereto, signed by the president, a vice president, secretary or assistant secretary of the company, expressing such change or waiver."

Such provision has been held not to apply to conditions to be performed after the loss has occurred, such as service of notice of the loss. *Bohles* v. *Insurance Co.*, 83 *N. J. L.* 246.

If an insurance company, after receiving an insufficient notice of loss, examine the claim and refuse to pay it exclu-

sively on other reasons, this is a waiver to objections to the notice. *Schenck* v. *Mercer Insurance Co.*, 24 *N. J. L.* 447; *Francis* v. *Insurance Co.*, 25 *Id.* 78.

The claim manager denied liability on the ground of collusion or fraud, suspicion of which was, in a large part, engendered by the fact that the attorney representing the injured suitor (Joseph Kobich) and the attorney representing the assured (Nathan Rosenberg) had offices in the same suite of rooms.

It is settled that one who, as a claim manager, is entrusted by the insurer with authority to adjust the loss, presumes authority also to waive notice of proofs of loss. *Snyder* v. *Dwelling House Co.*, 59 *N. J. L.* 544.

The next contention is that the court erred in refusing a nonsuit. This contention is based on a provision of the policy, viz.: "The company is not responsible for any settlements made or expenses incurred by assured, unless * * * [such are] * * * first specifically authorized in writing by the company * * *."

This provision can only apply where both parties were proceeding under and in accordance with the terms of the policy. The defendant's refusal to defend the action against the plaintiff was in direct violation of the terms of the policy, and, of necessity, compelled the plaintiff to protect his interest.

The next point is that the court erred in not granting a nonsuit, because there was no proof that the car involved in the accident was the car insured, nor was there any proof to establish the ownership of the car.

The plaintiff's evidence was that he bought the car and that it was by him insured; that it was in his possession at the time of the accident, and that he owned but one car. This was positive proof of ownership.

In *Norris* v. *Insurance Co.*, 1 *N. J. Mis. R.* 315, it was held that possession alone of the car is *prima facie* evidence of ownership. Upon all the contention presented the judgment will be affirmed.