NEW YORK LIFE INS. CO. v. SALMON et al.

(Division B.    Oct. 22, 1934.)

[157 So. 344.    No. 31367.]

**King & King**, of Memphis, Tennessee, and **Louis H. Cooke**, of New York City, for appellant.

C. A. Jaquess, of Tunica, for appellee.

Argued orally by **Earl King**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

Appellees brought this action in the circuit court of Tunica county against appellant on a policy of insurance on the life of appellee Salmon for disability benefits under the policy, which policy had been issued theretofore and delivered by appellant to said Salmon. The bank's interest in the policy was by assignment from Salmon. The suit was brought to recover one hundred dollars a month because of the total and permanent disability of the insured.

The declaration alleged that on or about the 28th day of August, 1932, the insured made and filed with the home office of appellant full and complete proof of such total and permanent disability, which proof was in writing and contained all the facts with reference to such total and permanent disability. Appellant interposed

three pleas—the general issue and two special pleas. The second special plea only is pertinent to the question involved. It is averred in that that neither of the appellees Salmon or the bank had at any time filed with the home office of appellant full and complete proof of disability in writing containing all the facts of such total and permanent disability.

The insurance policy contains these provisions:

"1. Total Disability.—Disability shall be deemed to be total whenever the Insured is wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit.

"2. Permanent Disability.—Disability shall be presumed to be permanent,—(a) Whenever the Insured will presumably be so totally disabled for life; or—(b) After the Insured has been so totally disabled for not less than three consecutive months immediately preceding receipt of proof thereof.

"3. Benefits.—Upon receipt at the Company's Home Office, before default in payment of premiums of due proof that the Insured is totally and presumpably permanently disabled and that such disability occurred after the insurance under this Policy took effect and before its anniversary on which the Insured's age at nearest birthday is sixty years, the following benefits will be granted:

"(a) Income Payments.—The Company will pay to the Insured a monthly income of $10 per $1,000 of the face of the policy during his lifetime and continued disability, beginning immediately on receipt of said proof. Any income payment due before the Company approves the proof of disability shall be payable upon such approval. If disability results from insanity, income payments under this section will be paid to the beneficiary in lieu of the Insured.

"(b) Waiver of Premiums.—The Company will waive

payment of any premium falling due after approval of said proof and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the policy, but if due after receipt of proof will, if paid, be refunded upon approval of proof. . . .

"6. Recovery from Disability.—The Company may from time to time demand due proof of the continuance of total disability, but not oftener than once a year after it has continued for two full years. Upon failure to furnish such proof, or if at any time it shall appear to the Company that the Insured is able to engage in any occupation for remuneration or profit, no further income payments shall be made nor premiums waived."

The proof of total and permanent disability furnished appellant by the insured consisted of a certificate of Dr. McElroy of Memphis, Tennessee, of date September 27, 1932, a letter from Dr. Leake of Maud in this state, under date of November 19, 1932, and a statement from the insured. This proof left it uncertain whether or not the disability was total and permanent. Dr. McElroy, in one paragraph of his certificate, stated that the insured was wholly disabled and prevented from engaging in any occupation whatever for remuneration or profit, and in another paragraph he stated that he thought he might be able to attend to business but would be partially disabled. Dr. Leake stated in his letter that the insured was paralyzed in his left side, with blood pressure from two hundred to two hundred twenty, his kidneys in fair condition, but that he was totally disabled so far as work was concerned; he said nothing about whether or not the disability was permanent. The insured's statement was not any more specific.

After receiving this proof, appellant made an independent investigation through its own agencies to ascertain whether or not the disability was complete and permanent. After doing so, it wrote the insured a letter denying liability, not upon the ground that proper proof

had not been made, but upon the ground that the insured continued to work until after December 15, 1932, and therefore up to that time was not totally disabled, and thereafter the disability provisions of the policy were no longer in force. Under the policy, its disability benefits had expired before December 15, 1932; however, it is not pertinent to set out that provision of the policy. When this letter was written, appellant had not notified the insured that the proof was insufficient; as stated, its denial of liability was placed on another and a different ground.

The evidence in the case was sufficient to establish the insured's total and permanent disability within the provisions of the policy. At the conclusion of the evidence, the appellant requested a directed verdict in this language: ''At this time, if your Honor please, I ask for a directed verdict for the defendant in this case, on the following grounds: There is no proof of the compliance with the terms of the policy. The proof shows, the undisputed proof shows that the plaintiff was not totally and presumably permanently disabled, at the time, and it appears from the proof submitted by the plaintiff, himself, that he was not totally and permanently disabled but he was only partially and permanently disabled; and for the further reason that no due proof of the disability as contemplated by the terms of the policy has been filed with the Home Office of the Company.'' The court denied this request. That action alone is assigned as error. It will be observed that the grounds upon which the directed verdict was asked were that the insured had failed to make proof of total and permanent disability as required by the policy, and that the proof submitted by the insured showed that he had not suffered permanent and total disability, and on the trial he was bound by such proof and would not be permitted to contradict it.

It is apparent at once that appellees failed to make the necessary proof of total and permanent disability.

We will consider first whether or not such failure barred a recovery on the policy. Where an insurance company receives proof of loss from the insured and denies liability on another ground or grounds than that such proof is defective and does not meet the requirements of the policy, there is a waiver by the company of the defects in the proof. If the company denies liability on that ground, it must say so and give the insured an opportunity to amend his proof if he can. 7 Cooley's Briefs on Insurance (2 Ed.), pp. 6048, 6049; Swan v. Liverpool, London & Globe Ins. Co., 52 Miss. 704; American Life Ins. Co. v. Mahone, 56 Miss. 180; Sun Mutual Ins. Co. v. Mattingly, 77 Tex. 162, 13 S. W. 1016; Rosenberg v. Maryland Casualty Co., 130 A. 726, 3 N. J. Misc. 1132.

Was the insured bound by the proof made, which failed to show total and permanent disability, but probably the contrary? We think not. There is no element of estoppel on the insured. Appellant neither relied nor acted on the proof, but made an independent investigation, and, as shown, denied liability on another ground. Proof by the insured, as required by the policy, is not conclusive on him as to facts therein stated, unless the insurance company relied and acted on it to its injury. 33 C. J. 18, sec. 666.

Affirmed.