NEW JERSEY MANUFACTURERS INDEMNITY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. UNITED STATES CASUALTY COMPANY, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT, AND ENRICO DI PATRIZO, DEFENDANT-RESPONDENT, AND SAM & BEN'S SCRAP YARD AND BERNARD ZALMAN, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued May 31, 1966—Decided June 8, 1966.

Before Judges GOLDMANN, FOLEY and COLLESTER.

*Mr. William G. Bischoff* argued the cause for appellant and cross-respondent (*Messrs. Taylor, Bischoff, Neutze & Williams,* attorneys).

*Mr. Joseph H. Kenney* argued the cause for respondent and cross-appellant (*Messrs. Archer, Greiner, Hunter & Read,* attorneys).

The opinion of the court was delivered by
GOLDMANN, S. J. A. D. Defendant United States Casualty Company (Casualty) appeals from a Law Division judgment awarding defendant DiPatrizo damages in the amount of an $8,250 settlement in a personal injury action, 6% interest on that sum from the date of settlement, and the fee and out-of-pocket expenses paid in defense of the action. The background of this case is detailed at some length in our prior opinion filed July 1, 1965.

Bernard Zalman had filed a complaint in the Law Division for damages against DiPatrizo and his employer, Camden Iron & Metal Co. (Camden), alleging that he was injured solely by reason of Di Patrizo's negligence while operating a crane at Camden's scrap yard. The second count of the complaint sought to hold Camden liable on the basis of *respondeat superior,* and this is made doubly clear by the pretrial order. At no time was there an allegation that Camden itself was in any way negligent.

New Jersey Manufacturers Indemnity Insurance Company (Manufacturers) insured Camden against any loss by reason of an alleged act of negligence upon its premises. The policy did not insure DiPatrizo. Casualty had insured Zalmanovitz (trading as Sam & Ben's Scrap Yard) and additional insureds against any loss by reason of its or their alleged acts of negligence in the ownership, maintenance or use of certain motor vehicles. Zalman, an employee of Sam & Ben's, was injured in the course of an alleged unloading operation at Camden's scrap yard when he was struck by an electro-magnet being operated by Di Patrizo. Almost two years later he instituted his action for damages against Camden and Di Patrizo. Manufacturers filed an answer and provided a defense, not only for Camden but for Di Patrizo.

While the Zalman action was pending Manufacturers brought a declaratory judgment action requesting the court to construe the terms of its policy and the one issued by Casualty to Sam & Ben's. Di Patrizo and Camden, as well as Casualty, were named as defendants in that action. Di Patrizo (and Camden) cross-claimed against Casualty, seeking a judgment declaring that he was an insured within the terms of the Casualty policy, and further, that should judgment be entered against him, Casualty be required to pay on his behalf all or such portions of the judgment, to the extent of the limits and coverages afforded in Casualty's policy.

In determining the declaratory judgment action, the Law Division judge held that neither Camden nor DiPatrizo had given timely notice of loss to Casualty and, accordingly, its

policy did not afford them coverage. He dismissed the cross-claim. DiPatrizo appealed, and this court reversed with a direction that judgment be entered in his favor on the cross-claim against Casualty.

While the appeal just mentioned was pending, Zalman's action against DiPatrizo and Camden was settled by the payment of $8,250 to Zalman. We were aware of this settlement when we rendered our decision. At the time the settlement was effected, Camden's attorney had informed the attorney for Casualty that the matter had been assigned for trial, and advised him that a settlement conference was scheduled on the trial date. Casualty's attorney did not participate in the settlement conference, nor did he indicate that he wanted to contribute financially to any settlement.

Pursuant to our mandate on reversal, the Law Division judge held a hearing to determine the damages to which DiPatrizo was entitled under the judgment to be entered on his cross-claim against Casualty. Admitted into evidence was Zalman's release of DiPatrizo from all claims arising out of the accident at Camden's scrap yard, the consideration for the release being stated as $8,250. As noted above, the trial judge proceeded to award as damages against Casualty the expenses incurred in the defense and settlement of the Zalman claim, together with the amount paid in settlement, with interest on that amount from the date of payment. He denied DiPatrizo's claim for out-of-pocket expenses and legal fees incurred in the declaratory judgment action. Casualty appeals from the Law Division judgment; DiPatrizo cross-appeals from so much of the judgment as denied him counsel fees and expenses incurred in the declaratory judgment action.

We hold that the trial judge properly awarded DiPatrizo damages for expenses incurred in the defense and settlement of the Zalman claim, plus the $8,250 paid in settlement and 6% interest on that sum. In our earlier opinion we held that Casualty had wrongfully refused coverage and a defense for DiPatrizo in the Zalman action. Where an insurer wrongfully refuses coverage and a defense to its insured, so that the

insured is obliged to defend himself in an action later held to be covered by the policy, the insurer is liable for the amount of the judgment obtained against the insured or of the settlement made by him. See Annotation, 49 *A. L. R. 2d* 694, and particularly § 10, *p.* 717 *et seq.* (1956). The only qualifications to this rule are that the amount paid in settlement be reasonable, and that the payment be made in good faith. We find no suggestion whatever that the settlement was not made in good faith, and Casualty offered no proof that the $8,250 paid was not reasonable. Indeed, the trial judge found that it was reasonable, as were the expenses incurred in connection with the defense and settlement of the Zalman action, including a fee and out-of-pocket expenses paid to DiPatrizo's counsel and totalling $1,412.25.

Casualty seeks to escape payment under the Law Division judgment by arguing that Manufacturers, the insurer of DiPatrizo's employer, Camden, is liable for the settlement. More specifically, it contends that Camden would have to initiate and successfully prosecute an indemnification suit against DiPatrizo before Casualty could be called upon to pay the amount of settlement and the expenses incurred in connection therewith. The answer to this is, that had Casualty assumed DiPatrizo's defense when he claimed coverage under its policy, it would have been obligated to assume the primary burden in the suit brought by Zalman, since it was DiPatrizo's sole negligence that was alleged to be the basis of that litigation. At the same time, and if it saw fit, it would have had the opportunity to assert any claims on behalf of DiPatrizo against his employer, Camden. However, Casualty persistently and, we held, wrongfully, refused to defend or to participate in the conduct of the defense or the settlement negotiations, or even to defend under a nonwaiver agreement. By so disclaiming, Casualty lost the right to handle DiPatrizo's defense. *Rosenberg v. Maryland Casualty Co.,* 3 *N. J. Misc.* 1132, 130 *A.* 726 (*Sup. Ct.* 1925), affirmed o. b. 102 *N. J. L.* 724 (*E. & A.* 1926). DiPatrizo had to provide his own defense, and eventually this led to a settlement of the

claim against him. Casualty is not in a position to complain at this late date; as we said in our prior decision, it had washed its hands of the case when it refused to defend the Zalman suit. See *Davis v. Associated Indemnity Corp.*, 56 *F. Supp.* 541, 544 (*D. C. Pa.* 1944), appeal dismissed 150 *F. 2d* 1005 (3 *Cir.* 1945).

It follows from what we have said that DiPatrizo was entitled to all expenses incurred in the defense and settlement of the Zalman claim.

The trial court properly awarded interest on $8,250, the amount of the settlement, from the date of its payment on October 1, 1963. As was said in *Small v. Schuncke*, 42 *N. J.* 407, 415 (1964), interest, in the contemplation of law, is damages for the illegal detention of a legitimate claim of indebtedness. The amount of the settlement was fair and reasonable, and Casualty may be considered as having had the use of the $8,250 from October 1, 1963.

The final point to be considered is that raised on DiPatrizo's cross-appeal: Did the trial judge err when he denied him counsel fees and costs incurred in the declaratory judgment action? Counsel for DiPatrizo admits that no applicable court rule provides for an award of an attorney's fee as costs, and that there is no statute which would allow the imposition of a fee as costs in this type of suit. However, the argument is that DiPatrizo is not seeking an attorney's fee as costs, but as damages because Casualty was guilty of unjustifiable conduct, citing *Vaughan v. Atkinson*, 369 *U. S.* 527, 82 *S. Ct.* 997, 8 *L. Ed. 2d* 88 (1962).

Di Patrizo would not have been entitled to a counsel fee and costs in the declaratory judgment action had the Law Division initially found in his favor. He may not indirectly obtain the fee and costs here when he could not directly have obtained them in the trial court. Absent a contract provision or statute, or rule of court, Di Patrizo must pay his own counsel fee and costs in the declaratory judgment proceeding.

The judgment is therefore affirmed.